McCormick & Bro. v. Holbrook.

## McCormick & Bro. v. Holbrook.

1. Husband and wife: CONTRACT OF WIFE. Where a married woman, being the owner of a farm and the personal property thereon, purchased upon her written order, which did not disclose her coverture, a farming implement, for the cultivation of her farm, it was held, in an action against her on the contract, that she was liable thereon, as being a contract relating to her separate property.

2. —— ALITER, if she had purchased the implement for a purpose foreign to her separate property. This case is distinguished from Jones v. Crosthwaite (17 Iowa, 393).

3. Pleading and practice: MARRIED WOMEN. In an action on a contract against a married woman the petition need not state facts showing that it relates to her separate property. This may be brought in by plaintiff against the defense of coverture, if plead.

4. —— EVIDENCE: OVERSIGHT. To correct an evident oversight or mistake, evidence may be introduced by a party, after the argument of one of the counsel of the opposite party to the court has closed.

*Appeal from Lucas District Court.*

WEDNESDAY, JULY 3.

ON the 7th day of August, 1865, defendant executed, in his own name, a written contract or order to the plaintiffs, which she sent to them, requesting that they would manufacture and ship to one Lester, at Eddyville, Iowa, for her use, by the 20th of the same month, one of their latest improved, light, two-wheeled mowers, to be paid for on the 1st day of August, 1866, at the price which such a mower would be selling for at that date. The contract contained a warranty, to the effect that the machine should be an efficient mower, well built, and of good material, with a privilege to the purchaser that he or she might cut two acres of grass, for the purpose of testing the same, and if it did not do well, the plaintiffs or their agent should have notice and an opportunity to

put it in order, and if it then could not be made to work satisfactorily it would be taken back and considered no sale.

The plaintiffs in their petition set forth the above contract, alleging that they fulfilled the same on their part; that the mower was worth, on the 1st of August, 1866, $150, including the cost of shipment ; that the same had not been paid, and they ask a recovery for that amount. The defenses plead are two : First, breach of the warranty. Second, defendant's disability, from coverture, to make such a contract.

The cause was tried to the court, which found $120 due the plaintiff, and, after overruling a motion for a new trial, rendered a judgment for that sum and costs.    Defendant, excepting, appeals.

*Stuart & Brother* for the appellant.

*Perry & Townsend*, with *Wilkinson*, for the appellees.

LOWE, Ch. J.—Under the assignment of errors, two points are made in argument by counsel for appellant.

1. HUSBAND AND WIFE: contract of wife.
First, the invalidity of the contract sued upon, because, at the time it was executed by the defendant, she was a married woman.    The evidence does establish this fact, but it also shows that she was the legal owner of the farm on which she and her husband lived; that she owned the personal property and stock thereon ; that two acres of hungarian grass was cut by the mower on her farm ; that her team at one time was seen working the machine ; that her husband and one Beck were accustomed to use it in mowing for others.    There was no evidence whatever of a breach of warranty, or that the defendant returned or offered to return the mower to the plaintiffs.    On the other hand, defendant, in her answer, claims to have paid $30 on the purchase-money

McCormick & Bro. v. Holbrook.

of the machine, and the evidence tends to show that she has parted with the ownership of the same, and that it now belongs to one George Holbrook. Defendant lives in Iowa, the plaintiffs in Chicago; they furnished the mower upon her written order, which did not disclose her coverture.

Nowithstanding all this, counsel for the defendant insist that the contract cannot stand, under the rule and 2. — aliter. reasoning laid down in the case of *Jones* v. *Crosthwaite* (17 Iowa, 393); and yet the foregoing facts show an important element of difference in the two cases. If she had bought the mower to sell again on a speculation, and not to use in connection with the cultivation of her farm, then the defense set up would fall within the sense and purview of the doctrine laid down in the case referred to, as it respects contracts made by a wife in relation to her separate property. But the evidence in the case strongly tends to show that she bought it with direct reference to her farming operations, as an implement of culture, and in the same sense that she would buy seed-corn or wheat, all of which would come, as we think, within the meaning of the first clause of section 2506 of the Revision, which reads as follows: " *Contracts made by a wife in relation to her separate property or those purporting to bind herself only, do not bind the husband.*" Not only so, but all the circumstances show that she intended to bind herself only.

This, in the first place, is inferable from the fact, that she ordered in her own name, alone, the mower, which *prima facie* bound her. It was intended for the use and reasonable enjoyment of the farm and stock, of which she was the sole legal proprietor; as such was used by her as a farming implement. The fact that her husband and another man, also used it in mowing for others, does not change the character of the transaction. She bought it,

bound herself in a written contract to pay for it, received it, used it on her farm, and afterward paid part of the purchase-money. It would be unreasonable, not to say uncharitable, to suppose that, under these circumstances, she did not intend to bind herself, but rather to practice a fraud upon the vendors, pretending to deal with them as discovert, when in fact she intended to take advantage of her marriage relation, after getting possession of the property. But this was not her intention, as the subsequent payment of a portion of the purchase-money, and all the other circumstances, demonstrate. Although unlike the facts in the case of *Rodemeyer* v. *Rodman* (5 Iowa, 426), this comes within the reasoning of that case, and shows that the defendant, in this particular transaction, falls within one of the exceptions to the rule, that a married woman is not liable on her contract at law.

It is claimed, however, in argument, that the plaintiffs, in their petition, should have set out the facts which would 3. PLEADING have brought the defendant within the exception mentioned, and not having done so, cannot now have the benefit thereof. Since the decision of the last named case was made, the Revision of 1860 has greatly modified the rules of pleading. The contract upon which this suit is brought does not show the defendant to be a married woman. Under section 2933 of the Revision, in a suit against her, the pleadings need not state facts which would bring her within the exceptions aforesaid. If the marriage relation is plead as a defense, which was done in this case, the exceptions to the rule that discharges her from liability, are available by way of replication. This pleading is supplied by mere operation of the statute, and the party has only to show the facts in evidence constituting the reply, and this was done as we have seen.

But the manner in which it was done, constitutes the second and only other objection relied upon, in argument,

4. —— evi- to *reverse* this case. This evidence was not
dence: over-
sight. offered until after one of the counsel for the defendant had made his argument to the court. Counsel for the plaintiffs then asked permission to prove the facts constituting his reply to the plea of coverture, for the reason that he had inadvertently omitted the same, which was granted, against the objections and exceptions of the defendant. This was allowable under section 3070 of the Revision, and we fail to discover any abuse of discretion on the part of the court, and therefore are inclined to affirm the judgment below.

Affirmed.