## MITCHELL v. SMITH *et ux.*

1. Stamps: NOTE: POST-STAMPING. Where a promissory note is post-stamped by the payee, in pursuance of authority given at the time of its execution, the instrument will be held as properly stamped.

2. Husband and wife: WIFE'S LIABILITY. A married woman is liable on a promissory note executed by herself and husband for a horse purchased by her for use on a farm belonging to, and controlled by her in her husband's absence; the same being held a contract in respect to her separate property within the meaning of the statute.

*Appeal from Mahaska District Court.*

MONDAY, OCTOBER 23.

ACTION on a promissory note made by the defendants jointly. The defendant, Margaret N. Smith, answered that at time of making the note she was the wife of C. H. Smith who was then and still is living.

The cause was tried by the court, without a jury, who made the following finding of facts:

" 1. The defendants are, and were at the execution of the note, husband and wife, living and cohabiting together."

" 2. Defendant Margaret owned a farm upon which defendants and their family resided. Said Margaret also owned the most of the personal property on the farm, and had notice on file in the office of the recorder that she was such owner. C. H. Smith was most of the time from home, had clerked in Oskaloosa, and during his absence the farm was left to the control of his wife and sons. The plaintiff, whose farm was near defendants, knew these facts."

" 3. At the time of the execution of the note C. H. Smith was staying at home, called on plaintiff, and wanted to know if he had a horse to sell. Plaintiff said he had. Defendant said he and his wife would come down and look at it, and said he supposed plaintiff would want his wife on the note, who replied he would. Defendants went together to plaintiffs, and defendant C. H. examined the horse, and negotiated as to price. They went into the house where Margaret was, C. H. said to her, "are you willing to pay a certain price (naming it) for the mare." She answered, " well, whatever you think, I am willing to do." He replied, "well, we had better take her." And the note in suit was prepared and executed by defendants. The mare was purchased and used on the farm of the wife, and credit was given on account of her ability to pay."

" 4. The note was not stamped at the time of signing. C. H. Smith in the presence of his wife at the time directed plaintiff to stamp it, and handed him five cents. Plaintiff afterward caused the stamp to be placed on the note and canceled as it now appears. The evidence does not show that the wife gave any affirmative answer, or objected to the direction for stamping."

" 5. The mare was taken to the farm and has been used up to the present time by defendants and their family."

" 6. C. H. Smith remains insolvent, and the farm and most of the property thereon belongs to the wife."

Upon this finding the court drew the following conclusions of law:

" 1. That neither of the defendants can avoid liability on the note on account of the manner it was stamped."

" 2. That it sufficiently appears from the above facts that the note was a contract of the said Margaret N. in relation to her separate property, to render her liable thereon."

A judgment was accordingly rendered for plaintiff against both defendants for the amount due on the note and costs, from which they appeal.

*Z. T. Fisher* for the appellants.

*Crookham & Rhinehart* for the appellee.

MILLER, J. — I. The appellants assign as error the conclusions of law upon the facts found.

It is first urged in argument, that the note not having been stamped at the time it was delivered was null and void, and could not legally be *post*-stamped in the manner in which it was done in this case. Without reference to the question whether a note, delivered without being duly stamped at the time, would be, *ipso facto*, void, we are of opinion that this note was stamped in pursuance of authority from the makers, given at the time of its execution. The finding of the court is to this effect. Again, the record does not show that the due execution of the note was denied, or that any question in regard to the stamp was raised by the pleadings, nor does it appear that the note was objected to on this ground when offered in evidence. The question, therefore, not having been made in any of these methods in the court below, we cannot regard it in this court.

*Margin note:* 1. STAMPS: note: post-stamping.

Mitchell v. Smith.

II. The next question presented for our consideration is, whether, from the facts found by the court below, its con-2. HUSBAND clusion that the note was the contract of AND WIFE: wife's liability. Margaret N. Smith in relation to her separate property was correct? We are of opinion that it was.

In *McCormick & Bro.* v. *Holbrook*, 22 Iowa, 487, the defendant, a married woman, was the owner of a farm on which she and her husband resided; she was also the owner of the personal property on the farm. She sent a written order, signed by her, to the plaintiffs, requesting them to manufacture and ship for her use one of their light two-wheeled mowers, to be paid for at a subsequent date at the price then current. The mower was manufactured and shipped according to order. Upon these facts it was held that she was liable on the contract as being one relating to her separate property. So in *Richmond* v. *Tibbles*, 26 Iowa, 474, it was held, that a married woman is liable on her covenants in a deed for her own lands, the same being a contract in relation to her separate property within the meaning of section 2506 of the Revision. In the former case, the court base the decision mainly upon the fact that the wife was the owner of the farm, and that she purchased the mower " with direct reference to her farming operations, as an implement of culture, and in the same sense that she would buy seed-corn or wheat, all of which," say the court in that case, " would come within the meaning of the first clause of section 2506, viz. : *Contracts made by a wife in relation to her separate property, or those purporting to bind herself only, do not bind the husband.*"

The present case is a stronger one than *McCormick* v. *Holbrook*. Here the wife was the owner of the farm, and most of the personal property. She and her children resided thereon, and conducted the business. Her husband was most of the time away from the farm, employed in other business. The horse, for the purchase of which the note was made, was needed for the purpose of carrying on

the farming operations, and was purchased for that purpose solely, and has been used accordingly.

It is argued, however, that the purchase of the horse was by the husband, and not by the wife. The finding of facts makes it apparent that the husband negotiated for the horse, for and on behalf of his wife, who was present, and that after doing so he said to her, "Are you willing to pay a certain price (naming it) for the horse?" to which she assented, clearly showing that it was the wife that was purchasing and was to pay for the horse. The plaintiff was present when this occurred, and understood that the wife was buying and was to pay, and it was to her he gave the credit, her husband being insolvent. To hold that this is not a contract by the wife in relation to her separate property, and upon which she is not bound, would be in conflict with the letter and spirit of the statute, and would enable her to perpetrate a palpable fraud upon the plaintiff, who parted with his property in good faith, the use and benefit of which she has and still enjoys.

The judgment of the district court is

Affirmed.