KOEHLER v. WILSON ET AL.

1. **Instruction:** WHEN NOT SPECIFIC: PRACTICE. The remedy of a party who complains that the law upon a given point is not given to the jury with sufficient explicitness, is an application for more specific instructions.

2. **Evidence:** SHOULD BE PERTINENT: ERROR WITHOUT PREJUDICE. The evidence should correspond with the allegations and be confined to the points in issue; but when admitted in violation of this rule, without prejudice to the appellant, it will not justify reversal.

3. **Husband and Wife:** DURESS: WHEN IT MAY BE PLEADED. The wife may plead the duress of the husband in an action to recover her property wrongfully obtained from him.

*Appeal from Hamilton District Court.*

TUESDAY, MARCH 16.

PLAINTIFF in the first count of her petition alleges in substance that on the 1st day of May, 1871, her husband, C. C. Koehler, loaned of her money to the firm of Wilson, Funk & Smith, the sum of four hundred dollars, and took a note therefor in his own name, due in six months, with interest at ten per cent., all of which is due and unpaid except the interest for one year. That said Wilson, Funk & Smith knew that said money was plaintiff's separate property, and she notified them to withhold the amount due thereon from C. C. Koehler, and to pay the same to her. That about the 7th day of April, 1873, the defendants verbally threatened to accuse the said

C. C. Koehler, who has said note in his possesseon, of the crime of grand larceny, and to prosecute him therefor unless he would give up to them said note, and promised not to prosecute him if he would give up the same, and that by such threats and promises, and by duress, they extorted said note from the said C. C. Koehler, and now have it in their possession; that she has demanded said note, or the value thereof, of the defendants, and they refused to deliver the same to her or to pay her any part thereof, and that the note is of the value of four hundred and fifty-five dollars.

The second count of the petition alleges that on the 18th of May, 1871, the firm of Wilson, Funk & Smith borrowed of plaintiff's money from her husband, C. C. Koehler, the sum of four hundred dollars, and gave their note therefor; that said note was in the possession of C. C. Koehler, who was in the employ of defendants, they being partners in the sale of merchandise; that defendants well knew the note to be the separate property of plaintiff. That in the month of March, 1873, defendants agreed with plaintiff that if she would purchase goods at their store on account of her husband, from him as salesman, and report to them the items and amount thereof, they would obtain said note from said C. C. Koehler, and deliver the same to her, or pay her the amount thereof with interest; that she purchased goods at their store on account of her said husband, from him as salesman, and reported to the defendants the items and amount thereof, and in all respects fulfilled said agreement on her part. That said defendants on or about the 1st day of April, 1873, obtained said note from said C. C. Koehler, by extorting the same, as charged in the first count of the petition. That after they had obtained possession of said note, and frequently before the commencement of this action, plaintiff demanded from defendants said note or the value thereof but they refused to deliver the same or to pay any part thereof. Plaintiff states that the note referred to in each count of the petition is the same, and that she asks for judgment only on one count. Judgment is asked for four hundred and fifty-four dollars, and interest.

Defendants answered, admitting that Koehler loaned the

firm of Wilson, Funk & Smith four hundred dollars and took a note therefor in his own name; that said note is not in plaintiff's possession; that it was in the possession of C. C. Koehler, who was in the employ of defendants · in March, 1873, and that plaintiff demanded the note or the proceeds thereof, before the commencement of this suit. The answer denies all the other allegations of the petition. For further answer defendants allege that about the 9th of April, 1873, C. C. Koehler held the note mentioned, and certain other claims against defendants. That at, and before, that date a controversy had arisen between defendants and Koehler, out of a claim of defendants against Koehler for a large amount of moneys, goods, wares and merchandise beloging to defendants, wrongfully appropriated by Kochler to his own use, and that defendants were about to bring suit against Koehler to recover the value of the goods so appropriated by him. That to avoid litigation and as a mutual compromise it was agreed between Koehler and said defendants, that said note and other claims should be cancelled, satisfied and discharged, in satisfaction of defendant's claim against Koehler, for moneys and goods wrongfully converted by him to his own use. That this agreement was carried out, and the note was surrendered to defendants, and satisfied and cancelled.

There was a jury trial, and a verdict and judgment for plaintiff for $456.20. Defendants appeal.

*Clark & Moulton*, for appellants.

*N. B. Hyatt* and *G. B. Pray*, for appellee.

DAY, J.—I. The court instructed the jury as follows:

" 7. If the payee of the note surrendered it to the maker voluntarily, in liquidation of a just debt then due from him

1. INSTRUC-TION: when not specific: practice.

to them, the note was fully canceled by the surrender; but if the note was obtained from Koehler wrongfully and unlawfully by threats and duress, it was not cancelled by the surrender, and the plaintiff can maintain an action for the amount due thereon, if she is the owner thereof." The defendants excepted to the giving of

this instruction. As we understand this instruction, it does not incorrectly state the law. It is urged, however, that the court should have defined the meaning of duress. We think, however, that defendants should have requested more specific instructions in this particular, if they desired them. *Ault v. Sloan*, 4 Iowa, 598; *Miller v. Bryan*, 3 Ib., 58; *Dixon v. Stewart*, 34 Ib., 125.

II. From the petition it will be seen that plaintiff bases her right to recover upon the ground that the money loaned was her separate property, and that the note evidencing the amount was obtained from her husband, by the defendants, through duress. · She makes no claim to the ownership of the note, other than the fact that it was given to her husband for the loan of money which was her separate property, and known to be such by the defendants. At the trial plaintiff offered in evidence an assignment from her husband to herself of the note in controversy, in connection with other claims, dated at Brazil, Indiana, June 25th, 1873.

Defendant objected to this testimony, but the court admitted it, as stated in the abstract, "for the purpose of giving the 2. EVIDENCE: plaintiff the same right that her husband would should be pertinent: error have had, should it appear that the note was his." without prejudice. This was error. The plaintiff did not sue as the assignee of her husband. A party cannot recover upon grounds altogether distinct from, and at variance with, the claim made in the petition. Evidence should correspond with the allegations, and be confined to the point in issue. But, whilst this was error, we are inclined, from an examination of the whole record, to regard it as error without prejudice. We find in the abstract no conflict in the testimony, that the note was in fact the property of the wife, and that that was known to defendants. Hence, notwithstanding the admission of this evidence, for the purpose assigned, the jury must have found for plaintiff on that issue, independently of this evidence.

III. Appellant claims that the privilege of avoiding a con-3. HUSBAND tract or act on account of duress is personal, and AND WIFE: duress: when that none can take advantage of it but the party it may be pleaded. himself. Several authorities are cited. The one

most nearly in point is *Huscombe v. Standing*, 3 Clark, 186. In that case it was determined that if a bond be obtained from A. and B. by duress against A., B. cannot plead the duress against A. in discharge of the bond. The distinction between that case and this is apparent at a glance. If B. executed the bond voluntarily, he was not affected by the duress against A. In this case, if the plaintiff's husband had her note, and it was obtained from him by duress, she, and she only, is pecuniarily affected by it. We have no doubt of her right to plead the duress under the circumstances shown.

IV. In rebuttal plaintiff was permitted, against defendant's objections, to introduce a letter written by one of the defendants, in the firm name, addressed to whom it may concern, stating that Charles C. Koehler had been in their employ, that his term had expired, that he was desirous and capable of earning a larger salary, and recommending him as temperate, energetic, industrious, and attentive to business. This letter was written after the time it is claimed the threats were made to accuse him of the crime of larceny. As a circumstance tending to show that the charge was groundless, the letter was competent.

V. It is not our custom to review in the opinion the evidence. We never disturb a verdict as opposed to evidence, unless clearly unsustained by it. After a careful examination of the evidence in this case, we are satisfied that it is not one which will justify our interference on that ground.

AFFIRMED.