SHERMAN HILL, Appellee, v. CITY OF GLENWOOD, Appellant.

124  479|
126  563|

Practice: RE-OPENING CASE. Opening a case for further proof, after
1  demurrer to the evidence, motion to dismiss or to direct a verdict, is discretionary with the trial court, and its order will not be disturbed in the absence of abuse of discretion.

Same. It is not an abuse of discretion to re-open the case for plaintiff
2  after he had rested, on the statement of counsel that he had overlooked important testimony.

Negligence: CARE REQUIRED OF BLIND PERSON. A blind person is held
3  to no higher degree of care and caution to avoid an injury, while upon a public street, than one in possession of his sight; but in determining the question of ordinary care the fact of blindness should be considered by the jury in connection with the other circumstances.

Instructions: AMPLIFICATION. Where the court correctly states the
4  law, omission to amplify the charge in the absence of a request, is not error.

Same. The same subject is discussed in the third paragraph of the
5  opinion.

Personal injury: VERDICT. The verdict for injuries from a defective
6  sidewalk is held to be supported by the evidence and is not excessive.

*Appeal from Mills District Court.*— HON. W. R. GREEN, Judge.

WEDNESDAY, JULY 13, 1904.

ACTION to recover damages on account of personal injuries sustained through the alleged negligence of the defendant. Judgment for plaintiff, and defendant appeals. — *Affirmed.*

*W. S. Lewis* and *C. E. Dean,* for appellant.

*Genung & Genung* and *Shirley Gillilland,* for appellee.

Weaver, J.— The plaintiff claims to have been injured upon one of the public walks in the city of Glenwood, and that such injury was occasioned by reason of the negligence of the city in the maintenance of the walk at the place of the accident, and without fault on his own part contributing thereto. From verdict and judgment in his favor for $665, the city appeals. In this court the appellant makes no claim that the city was not negligent, but a reversal is sought on other grounds.

I. After plaintiff had announced the resting of his case in chief, and the defendant had moved for a directed verdict in its favor on the theory that plaintiff had failed to show

1. Practice: reopening case.

himself free from contributory negligence, the court, upon application of counsel, permitted plaintiff to be recalled and give additional testimony in respect to his knowledge of the condition of the street and walk at and prior to the accident. This ruling is relied upon as reversible error. The contention cannot be sustained. While authorities may be found holding that the court should not open up the case for further proof after demurrer to the evidence, or motion to dismiss or to direct a verdict, the great weight of authority is to the effect that it is always within the discretion of the court so to do, and that such order will not be held error, save where it clearly appears that the discretion has been abused. Such is the well-established rule in this State. *Meadows v. Ins. Co.,* 67 Iowa, 59.

No abuse of discretion is shown in the present instance. Counsel for plaintiff stated to the court that he had overlooked examining his client upon a certain phase of the

2. Same:

case. Upon such professional statements it is a matter of everyday occurrence in trial courts that parties are permitted to introduce the omitted evidence after resting their case, and not infrequently, even after argument to jury is begun. See *McCormick v. Holbrook,* 22

Iowa, 487; *Hamilton Buggy Co. v. Buggy Co.*, 88 Iowa,
364. We may further say that, even without the additional
testimony, there was sufficient in the evidence already intro-
duced to entitle the plaintiff to go to the jury. The refusal
to sustain the motion was, therefore, not erroneous.

II. · It was shown without dispute that plaintiff had been
blind for many years, and this fact is the basis of the criticism
upon the charge given to the jury. In the third paragraph of

**3. NEGLIGENCE:**
**care re-**
**quired of**
**blind person.**

the charge, the court, defining negligence, said:
"(3) Negligence is defined to be the want of
ordinary care; that is, such care as an ordinarily
prudent person would exercise under like circumstances.
There is no precise definition of ordinary care, but it may be
said that it is such care as an ordinarily prudent person would
exercise under like circumstances, and should be proportioned
to the danger and peril reasonably to be apprehended from a
lack of proper prudence. This rule applies alike to both
parties to this action, and may be used in determining wheth-
er either was negligent." In the eighth paragraph, referring
to the plaintiff's duty to exercise care for his own safety, the
following language is used: "(8) It must also appear from
the evidence that the plaintiff did not in any way contribute
to the happening of the accident in question by any negligence
on his part; that is, by his own want of ordinary care. The
plaintiff, on his part, was under obligation to use ordinary
care to prevent injury when passing over any sidewalk; and
if he failed so to do, and his failure in any way contributed
to the happening of the accident in question, then he cannot
recover herein. The evidence shows without dispute that he
was blind, and this fact should be considered by you in de-
termining what ordinary care on his part would require when
he was attempting to pass over one of the sidewalks of this
city." Counsel for appellant do not deny that the rules
here laid down would be a correct statement of the law of
negligence and contributory negligence as applied to the
ordinary case of sidewalk accident, but it is urged that the

conceded fact of plaintiff's blindness made it the duty of the court to say to the jury that a blind person who attempts to use the public street "must exercise a higher degree of care and caution than a person ordinarily would be expected or required to use had he full possession of his sense of sight." We cannot give this proposition our assent. It is too well established to require argument or citation of authority that the care which the city is bound to exercise in the maintenance of its streets is ordinary and reasonable care, the care which ordinarily marks the conduct of a person of average prudence and foresight. So, too, it is equally well settled that the care which a person using the street is bound to exercise on his own part to discover danger and avoid accident and injury is of precisely the same character, the ordinary and reasonable care of a person of average prudence and foresight. The streets are for the use of the general public without discrimination; for the weak, the lame, the halt and the blind, as well as for those possessing perfect health, strength, and vision. The law casts upon one no greater burden of care than upon the other. It is true, however, that in determining what is reasonable or ordinary care we must look to the circumstances and surroundings of each particular case. As said by us in *Graham v. Oxford,* 105 Iowa, 708: "There is no fixed rule for determining what is ordinary care applicable to all cases, but each case must be determined according to its own facts." In the case before us the plaintiff's blindness is simply one of the facts which the jury must give consideration, in finding whether he did or did not act with the care which a reasonably prudent man would ordinarily exercise, when burdened by such infirmity. In other words, the measures which a traveler upon the street must employ for his own protection depend upon the nature and extent of the peril to which he knows, or in the exercise of reasonable prudence ought to know, he is exposed. The greater and more imminent the risk, the more he is required to look out for and guard against injury to himself; but the

care thus exercised is neither more nor less than ordinary care — the care which men of ordinary prudence and experience may reasonably be expected to exercise under like circumstances. See cases cited in 21 Am. & Eng. Enc. Law (2d Ed.) 465, note 1. In the case at bar the plaintiff was rightfully upon the street, and if he was injured by reason of the negligence of the city, and without contributory negligence on his part, he was entitled to a verdict. In determining whether he did exercise due care it was proper for the jury, as we have already indicated, to consider his blindness, and in view of that condition, and all the surrounding facts and circumstances, find whether he exercised ordinary care and prudence. If he did, he was not guilty of contributory negligence.

This view of the law seems to be fairly embodied in the instructions to which exception is taken. If the appellant believed, as it now argues, that the charge should have been more specific, and dwelt with greater emphasis

4. INSTRUCTIONS: amplification. upon the fact of plaintiff's blindness as an element for the consideration of the jury in finding whether he exercised reasonable care, it had the right to ask an instruction framed to meet its views in that respect. No such request was made, and the omission of the court to so amplify the charge on its own motion was not error. *State v. Tweedy,* 11 Iowa, 350; *State v. O'Day,* 69 Iowa, 368; *Ault v. Sloan,* 4 Iowa, 508; *Mackie v. R. R.,* 54 Iowa, 540; *Hall v. Stewart,* 58 Iowa, 681; *Gwynn v. Duffield,* 66 Iowa, 708; *Dixon v. Stewart,* 33 Iowa, 125; *Harrison v. R. R.,* 36 Iowa, 623; *Koehler v. Wilson,* 40 Iowa, 183. The law of the cases cited by the appellant does not differ materially upon the question of negligence from the rule we have here applied. See *Davenport v. Ruckman,* 37 N. Y. 568; *Stewart v. Nashville,* 96 Tenn. 50 (33 S. W. Rep. 613); *Foy v. Winston,* 126 N. C. 381 (35 S. E. Rep. 609).

III. In the ninth paragraph of the charge the court said to the jury: " The plaintiff, in the absence of any

knowledge or information as to the defective condition of the
walk, if it was defective, had the right to as-
sume that defendant had exercised ordinary care
to keep the same in a reasonably safe condition.   If, however,
you find he did know or had notice of the defective condition
of the walk, then it will be for you to say, under all the facts
and circumstances, whether he was negligent in going upon
it."   Counsel concedes that " this is good law as far as it
goes, but does not go far enough," and insists that the court
should have also informed the jury that such knowledge or
notice to the plaintiff may be implied from the proved cir-
cumstances, from the general notoriety of the condition of
the walk, and from the length of time during which the
alleged defects existed.   Here, too, no such instruction was
asked, and under the authorities above cited, the charge as
given being concededly correct " as far as it goes," the fail-
ure to embody the proposition now advanced by the appellant
was not error.   We do not wish to be understood, however,
as holding that the instruction as given was not a sufficiently
full and fair statement of the law upon the point to which the
paragraph was directed.

5. SAME.

IV.   It is further asserted that the " verdict is con-
trary to law, not supported by the evidence, and a travesty
upon justice."   Our examination of the records leads us to
another conclusion.   The evidence on which to
base a finding of negligence on part of the city
was abundant.   The evidence upon the question
of contributory negligence, stating the situation in its most
favorable aspect for the city, was sufficient to require its
submission to the jury.   It was so submitted with fair and
correct instructions upon the law, and a verdict so rendered
the court will not set aside.   Neither can we say that the
verdict is excessive.   From the injury received the plain-
tiff's leg became much swollen and inflamed, resulting in an
abscess, for which he was under the care of a physician for
a period of six weeks.   The testimony tends to show that he

6. PERSONAL
   INJURY:
   verdict.

suffered much from pain and sleeplessness, and that the value of the physician's service in his treatment was $100. For this and for his loss of time the allowance given by the jury does not appear extravagant.    That the plaintiff is poor and blind, and, as shown in evidence and referred to in argument, helps his wife in laundry work for their neighbors, and has on occasion received aid from the county, shows no more than that the value of the time lost by him on account of his injury is not to be rated as highly as the time of one with whom fortune has dealt more kindly; but we may fairly assume that he felt the hurt of his bruises and the distress following therefrom none the less keenly than he would had his balance in bank been larger.    It was within the sound discretion of the jury to assess the compensation plaintiff was entitled to receive, and we are not prepared to say that the sum awarded shows the verdict to have been actuated by passion or prejudice.

The judgment of the district court is AFFIRMED.