MRS. AUGUSTA KAISER v. HAHN BROTHERS, Appellants.

**Sidewalks:** CONTRIBUTORY NEGLIGENCE.  Although a pedestrian may not pass along a sidewalk utterly heedless of danger, yet failure to anticipate an unusual danger is not contributory negligence as a matter of law.  Under the evidence plaintiff's negligence was properly submitted to the jury.

**Defective sight:** DEGREE OF CARE: INSTRUCTIONS.  Where one relies upon defective sight as an excuse for failing to observe an obstruction upon the sidewalk, from which an injury resulted, the defendant is entitled to an instruction that corresponding caution is exacted, although only ordinary care under all the circumstances is required.

*Appeal from Wapello District Court.*— HON. FRANK W. EICHELBERGER, Judge.

SATURDAY, FEBRUARY 11, 1905.

ACTION to recover damages for personal injuries caused, as alleged, by the negligence of defendants.  Verdict and judgment for plaintiff.  Defendants appeal.— *Reversed.*

*Gilmore & Moon,* for appellants.

*Steck & Smith,* for appellee.

McCLAIN, J.— It appears without conflict in the evidence that on November 30, 1901, at half past two o'clock in the afternoon, plaintiff, who was passing along the side-

walk in front of defendants' store in the city of Ottumwa, tripped or stumbled over two heavy planks or skids which had been used for unloading produce from a wagon into the front of the store, and, when the wagon was removed, had been shoved partway into the store, and left with their ends resting on the sidewalk. The jury specially found that the use of the planks by defendants was a temporary and reasonable use, and the negligence on which their verdict was predicated must have been that, after the necessity for the use of the planks had ceased, they had been negligently allowed to remain on the sidewalk for an unreasonable length of time. This length of time, according to the finding of the jury, was five minutes. It is urged that the evidence conclusively shows that the planks could not have been on the sidewalk for more than two minutes prior to the accident, after they were shoved back from the wagon, and that the finding of the jury that the planks had been negligently allowed to remain on the sidewalk for an unreasonable length of time was without support in the evidence, and was the result of passion and prejudice. But we would not be inclined to interfere with the conclusions of the jury on this matter.

Nor would we be inclined to hold that the evidence in the record conclusively shows contributory negligence. The testimony given by plaintiff, as a witness, that she was not looking for anything in her way, because the

1. CONTRIBUTORY NEGLIGENCE.

walk had always been clear before, indicates to our minds only that she was not anticipating any obstruction. And clearly it would not be contributory negligence to fail to anticipate such an obstruction on the sidewalk. Whatever her duty may have been as to using care to avoid any obstruction which might be on the walk, it was certainly not negligence to fail to anticipate beforehand something which she had no occasion to anticipate; that is, the particular obstruction against which she in fact stumbled. But it is true, on the other hand, that plaintiff could

not go along the sidewalk utterly heedless and oblivious of any danger, even though not of a nature which she might have anticipated; and perhaps, if there were no explanation whatever of how it happened that plaintiff, in broad daylight, and when, as it appears, the sun was shining, ran against and stumbled over two planks, each twelve inches wide, three inches thick, and extending from the level of the floor of the store, eighteen inches above the sidewalk, to within four or five feet of the curbing (the walk being twelve feet wide), so that the top of the planks was five or six inches above the sidewalk where the plaintiff ran against them, about the middle of the walk, there might be ground for saying, as a matter of law, that plaintiff was guilty of contributory negligence. *Yahn v. Ottumwa,* 60 Iowa, 429; *Tuffree v. State Center,* 57 Iowa, 538; *Mathews v. Cedar Rapids,* 80 Iowa, 460; *Barnes v. Town of Marcus,* 96 Iowa, 675. But plaintiff testifies that she was dazzled by the sun shining in her eyes and on the planks, and for that reason did not see them; and we think that the question was properly left to the jury, whether, under the circumstances, plaintiff was guilty of contributory negligence.

But it was alleged in the petition and testified to by plaintiff, that her eyes were weak by reason of recent serious illness, and that she was wearing colored glasses to protect 2. DEFECTIVE, them from the glare of the sun, and the fact SIGHT: degree was alleged and proved in such a way as to of care; in- structions. indicate that plaintiff was contending that this fact would be an excuse for failure to see an obstruction on the walk which would be perfectly plain and obvious to one with ordinarily clear vision. It is well settled, however, that defective vision also imposes the duty of greater care and foresight in order to discover dangers which would be obvious to an ordinary person. It is true that the walks of a city are "for the use of the general public, without discrimination — for the weak as well as those possessing perfect health, strength, and vision." *Hill v. Glenwood,* 124

Iowa, 479. But one with defective sight should be correspondingly more careful. *Winn v. Lowell,* 1 Allen (Mass.) 177; 1 Thompson on Negligence (2d Ed.) 316.

An instruction was asked for defendants, embodying this proposition, and we think it should have been given. The instruction asked was not open to the objection that it required more than ordinary care of the plaintiff under the circumstances. It correctly stated the rule recognized in *Hill v. Glenwood, supra,* that, although the degree of care required of a person with defective eyesight is the same as that required of other persons — that is, ordinary care under the circumstances — yet ordinary care on the part of a ' person with defective eyesight involves greater prudence and caution than is required to constitute ordinary care on the part of a person having full possession of his faculties. The court, in instructing the jury, after stating the allegations of the petition with reference to the weakness of plaintiff's eyes, and the wearing of colored glasses by her at the time for their protection, proceeded to include these facts in an enumeration of circumstances to be taken into account by the jury in determining whether plaintiff was guilty of contributory negligence, directing the jury to consider " whether or not the sun was shining, and, if so, whether it made a glare on the planks or sidewalk * * * whether or not her attention was diverted at the time; whether or not she was weak from recent illness; whether or not her eyes were weak at the time; whether or not she was wearing green glasses for the protection of her eyes, and, if so, the effect of such glasses on her eyesight; and all other facts and circumstances which the evidence tends to prove." It is true that the jury were fully instructed that it was the duty of plaintiff to act as an ordinarily prudent person would act under the circumstances; but, in view of the apparent reliance placed by plaintiff on the defective condition of her eyes, and the wearing of colored glasses, as an excuse for not observing the obstruction in the walk, we think defendants

were entitled to an instruction such as that asked — to the effect that, under such circumstances, plaintiff was bound to use greater care and caution. Without such an instruction, the jury were quite likely to be misled as to the legal effect of the facts proven.

For failure to instruct as above suggested, and giving the instruction referred to, the judgment of the lower court is *reversed.*