HELEN PHILLIPS, Appellant, v. NELSON BRIGGS et al., Appellees.

No. 41496.

DECEMBER 13, 1932.

G. C. Wyland and Bennett Cullison, for appellant.

Frank P. Brennan and Kimball, Peterson, Smith & Peterson, for appellees.

DE GRAFF, J.—It may be noted that the trial court sustained the defendant's motion for a directed verdict upon several grounds (13 in number) among which were, *inter alia*:

(1)   That recklessness within the meaning of Section 5026-b1 was not shown.

(2)   That no recklessness within the meaning of the statute herein cited was shown by the evidence to have been the direct and proximate cause of the injury to the plaintiff.

(3)   That the undisputed evidence discloses that the plaintiff went to sleep in the back seat of said car, and exercised no care for her safety, and was, therefore, guilty of contributory negligence as a matter of law.

(4)   That before plaintiff would be entitled to recovery, it must appear in the evidence that the driver of the car in which she was a guest was not alone negligent, but that the driver's conduct was of such a character as to indicate an indifference to the consequences of his actions and to constitute on his part misconduct, and that the driver of said car carelessly and heedlessly drove said car in a willful disregard of the rights of others.

(5)   That the driver, Nelson Briggs, was not driving said car in the exercise of due care, and that there was no showing under the record of any facts or circumstances which would warrant the court in submitting the case to a jury.

(6)   That the doctrine of *res ipsa* has no application to the facts in this case, for the reason that plaintiff elected to plead specific particulars of negligence, and not general negligence.

It may be noted that this case was tried on October 7, 1931, and prior to the decision of this court in Siesseger v. Puth, 213 Iowa 164; Neessen v. Armstrong, 213 Iowa 378; Kaplan v. Kaplan, 213 Iowa 646; Wilde v. Griffel, 214 Iowa 1177.

■ This case involves the guest statute. The plaintiff Helen Phillips is conclusively shown to have been a guest in an auto driven by Nelson Briggs. The evidence shows that on July 30, 1930, the plaintiff Helen and one Ruth Cole left Hancock, Iowa, about 7:30 P. M., in a car driven by Nelson Briggs. The three young people drove to Avoca, Iowa, about 6 or 7 miles distant. At Avoca they picked up another mutual boy friend and drove to Council Bluffs to visit certain relatives of Ruth's. They remained in Council Bluffs a short time and the four returned to Avoca about 11:30 P. M. At Avoca the guest, Helen Phillips, was invited to ride in the front seat, but expressed to the driver that she was sleepy and would lie down in the back seat. From Avoca to the scene of the accident it was six miles. The appellant, Helen Phillips, next gained consciousness when she was lying on a cot after the accident.

There was no evidence offered or introduced to show any negligence, much less recklessness, on the part of the driver Briggs at the time or immediately prior to the accident. It is shown by neighbors, who examined the tracks leading from the road to the ditch on the day following the accident, that they observed tracks leading from the traveled portion of the highway to the place where the car stopped in the ditch, and that the road was probably 66 feet wide between fences, and that the condition of the road was good, smooth, and dry; that there was a hole where the car was, on the west side of the grade, and a ditch along the edge of the road, and that the marks "started from 60 to 100 feet north of the hole;" that the tracks were out in the soft dirt; and that one of the neighbors observed that "one of the front tires was flat," and "saw one of the fenders bent." The ditch was 3½ feet deep and 10 feet wide. The car was sitting right up in the ditch and was not turned over. The hole was caused by the removal of a ditch tube which had been taken out where this ditch was.

It is a legal proposition that negligence, even if proven, is insufficient to authorize recovery by a guest against his host for injuries from an automobile accident. Under our decisions the term "reckless," in the operation of a car under such circumstances, implies no care, with disregard for consequences, and proceeding

without heed or concern for consequences. Recklessness is a stronger term than negligence. Under Section 5026-b1, Code 1931, a guest may recover from the owner or operator of a motor vehicle any damage which may have been occasioned (1) by the driver of said motor vehicle when he is under the influence of intoxicating liquor; or (2) by reason of the reckless operation by the driver of such motor vehicle. As pointed out, there is no question involved in the evidence that the driver was under the influence of intoxicating liquor. It becomes important, then, to learn from the evidence whether the driver may be charged with any recklessness within the meaning of Section 5026-b1 as has been defined and construed by this court. It is the contention of the appellee that at the time of the accident, the appellant, Helen Phillips, was in no position to determine the speed at which the car was being driven. It is the further contention that the appellant wholly failed to establish any cause of action against the defendants or either of them, or that the defendant Briggs was shown by any evidence to have been guilty of any recklessness which was the direct and proximate cause of the injury in question.

The law governing recklessness on the part of the driver of an automobile which involves injury to a guest is well defined by this court. The instant facts do not measure up to the standards required to establish recklessness on the part of an automobile driver. In Siesseger v. Puth, 213 Iowa 164, a majority of this court construed recklessness as the same is used in Section 5026-b1. It is therein said:

"In light of the circumstances under which said chapter 119 was passed, it is apparent, we think, that the legislature intended the word 'reckless' therein to mean 'proceeding without heed of or concern for consequences.' To be 'reckless,' one must be more than 'negligent.' Recklessness may include 'willfulness' or 'wantonness,' but if the conduct is more than negligent, it may be 'reckless' without being 'willful' or 'wanton;' but to be reckless in contemplation of the statute under consideration, one must be more than negligent. Recklessness implies 'no care, coupled with disregard for consequences.' "

To the same effect is the doctrine applied in Neessen v. Armstrong, 213 Iowa 378. The Neessen case, supra, is an automobile guest case, and the action is based upon recklessness, which follows

in definition Siesseger v. Puth, 213 Iowa 164. Likewise are the cases of Kaplan v. Kaplan, 213 Iowa 646; Levinson v. Hagerman, 214 Iowa 1296; Wilde v. Griffel, 214 Iowa 1177; Cerny v. Secor, 211 Iowa 1232.

We recognize in this state that there is no such thing as degrees of negligence, and even though negligence is great, it is still negligence. See Hanna v. Central States Electric Co., 210 Iowa 864.

█ It is contended by the appellant that the doctrine of *res ipsa loquitur* finds application to the facts in this case. The appellee contends to the contrary. Judge Kenyon, speaking for the U. S. circuit court in Dierks Lbr. & Coal Co. v. Brown, 19 Fed. (2nd) 732, 1. c. 735, said:

"The doctrine of *res ipsa loquitur* raises a rebuttable fact presumption of negligence. * * * but, as said in Francey v. Rutland R. R. Co., 222 N. Y. 482, 119 N. E. 86: 'This inference is not drawn merely because the thing speaks for itself, but because all of the circumstances surrounding the accident are of such a character that unless an explanation be given the only fair and reasonable conclusion is that the accident was due to some omission of defendant's duty.' This rule does not relieve the plaintiff from the burden of showing negligence, and does not shift the burden of proof in the case. The presumption arising from the circumstances may be sufficient to take the case to the jury, unless the entire evidence is such that the presumption cannot stand against it."

█ It is true that recklessness must be proved as alleged. It is also fundamental that if any ground of a motion to direct a verdict is good, then the ruling sustaining the motion must be affirmed. Furgason v. Bellaire, 197 Iowa 277; Quellmalz Lbr. & Mfg. Co. v. Hollowell, 198 Iowa 722.

We find no case where any court has gone so far as to invoke the doctrine of *res ipsa* and therefore create a presumption or inference of recklessness. Even negligence cannot be predicated upon presumption or inference. In re Hill Estate, 202 Iowa 1038.

It is the general rule of this state that in matters of proof, a litigant is not justified in inferring a fact as proven from mere possibility of existence of facts. Ashcraft v. Davenport Locomotive Works, 148 Iowa 420; Dingmon v. Chicago & N. W. R. Co., 194 Iowa 721; Gibson v. Iowa Central Railway Co., 136 Iowa 415;

Rauch v. Des Moines Elec. Co., 206 Iowa 309; Anderson v. Ft. Dodge, D. M. & S. R. Co., 208 Iowa 369.

For the reasons pointed out, the ruling of the trial court on the motion for a directed verdict was correct.—Affirmed.

STEVENS, C. J., and EVANS, FAVILLE, ALBERT, KINDIG, WAGNER, and MITCHELL, JJ., concur.