CHRIS J. TISSERAT, appellant, v. PETER J. PETERS, administrator of estate of John Earl Greer, appellee.

No. 49783.

(Reported in 99 N.W.2d 924)

DECEMBER 15, 1959.

Connolly & Connolly, of Council Bluffs, for appellant.

Smith, Peterson, Beckman & Willson, of Council Bluffs, for appellee.

THORNTON, J.—Reasons for reversal are predicated upon the giving of an instruction relative to defendant's decedent being blind in one eye and the failure to instruct as requested on such subject.

The evidence shows without dispute defendant's decedent had lost the sight of his left eye and this fact was well known to plaintiff. The accident that gave rise to this action happened about 7:30 p.m., December 8, 1956. Defendant's decedent drove into the filling station where plaintiff was employed on a part-time or extra-help basis to have chains put on his car. The weather was cold and streets icy. Decedent was driving a 1948 two-door Pontiac. Plaintiff directed decedent to drive in the wash rack. After decedent had driven in, plaintiff closed the overhead door. Plaintiff proceeded to place the chains on the car. During

the time plaintiff was putting on the chains decedent told him he, decedent, had lost the sight of his left eye using the same kind of cutter plaintiff was using to cut the chains. The windows of decedent's automobile were fogged up and there was snow on the back window. After the chains were placed on the automobile decedent paid for the service and got into the automobile. Plaintiff opened the overhead door, checked traffic outside, stepped back and motioned decedent to back out. In backing out decedent opened the left-hand door striking plaintiff's left leg. The case was submitted to the jury and a verdict returned for defendant.

I. Plaintiff particularly stresses the trial court was in error, when referring to the loss of sight in decedent's left eye, in this statement in Instruction No. 6, "* * * This fact does not require him to exercise a greater degree of care, * * *." Plaintiff claims this disability required decedent to exercise a much greater degree of care than would the ordinary person.

An analysis of our cases shows there are no degrees of care or of negligence in Iowa. Law v. Hemmingsen, 249 Iowa 820, 832, 89 N.W.2d 386, 394; Kaiser v. Hahn Bros., 126 Iowa 561, 564, 102 N.W. 504; Hill v. City of Glenwood, 124 Iowa 479, 481, 100 N.W. 522; Yeager v. Spirit Lake, 115 Iowa 593, 597, 598, 88 N.W. 1095; Balcom v. Independence, 178 Iowa 685, 693, 160 N.W. 305, L. R. A. 1917C 120; Siesseger v. Puth, 213 Iowa 164, 170, 239 N.W. 46, 49; Hanna v. Central States Electric Co., 210 Iowa 864, 880, 232 N.W. 421; Russell v. Turner, 56 F. Supp. 455, 458 (N. D. Iowa); Shenkle v. Mains, 216 Iowa 1324, 1331, 247 N.W. 635, 638; Phillips v. Briggs, 215 Iowa 461, 465, 245 N.W. 720, 722; 5A Am. Jur., Automobiles and Highway Traffic, section 767, page 725; 65 C. J. S., Negligence, section 142, pages 782, 783. And we are in accord with the general law.

At page 783 of 65 C. J. S., supra, speaking of blind persons and persons with defective vision, the text closes, as follows, "* * * Ordinary care in the case of such a person is such care as an ordinarily prudent person with a like infirmity would have exercised under the same or similar circumstances."

At page 726 of 5A Am. Jur., supra, the text pertaining to blind persons or persons with defective vision closes, as follows, "* * * That statement does not carry with it the implication that

in the discharge of such duty, the disabled person is held to anything higher than the exercise of ordinary care as that expression is used herein."

Including the quoted statement in Instruction No. 6 was not error.

II. Plaintiff further objects to a portion of Instruction No. 6 relative to decedent having lost the sight of his left eye and requested that such portion of the instruction read as follows:

"That this fact requires him to exercise ordinary care under the circumstances and a person so afflicted must put forth greater effort and employ keener watchfulness than one under no such disability in order to attain the standard of care the law has established for all."

In Instruction No. 6 the trial court adequately instructed upon the applicable law and advised the jury the fact decedent had lost the sight of his left eye may be taken into consideration with all other facts and circumstances in determining whether or not decedent did exercise reasonable care.

Plaintiff is asking an amplification of the duties of decedent as such duties bear on the question of ordinary care. It is obvious that if the court had given the instruction as requested, it would then have been necessary to give a corresponding instruction as to the duties of plaintiff, as he was fully aware of decedent's affliction. This merely in the interest of fair play. This would tend to overemphasize one circumstance in evidence. If the requested instruction had been given without a corresponding instruction the emphasis would be greater. See Lawson v. Fordyce, 237 Iowa 28, 51, 21 N.W.2d 69, 82.

The language of the requested instruction is one sentence taken from the middle of a paragraph in our opinion in Law v. Hemmingsen, supra, at the top of page 832 of 249 Iowa, page 395 of 89 N.W.2d. This court was then dealing with the propriety of a specification of negligence, that defendant driver was negligent in that he had vision in one eye only and failed to operate his truck in accordance with the degree of care of one with such vision. The language was used in explaining such specification of negligence was not proper. Nothing in the opin-

ion indicates such statement is necessary or advisable in an instruction dealing with partial blindness.

The only Iowa case called to our attention or that we have found wherein an instruction calling for greater caution on the part of persons of impaired vision was held proper is Kaiser v. Hahn Bros., supra. In that case plaintiff alleged and testified her eyes were weak by reason of a recent illness and she was wearing glasses to protect them from the glare of the sun and this was alleged and proved in such a way as to indicate plaintiff was contending that this fact would be an excuse for failure to see an obstruction on the walk. In passing on a requested instruction embodying the proposition plaintiff was bound to use greater care and caution under such circumstances this court at page 564 of 126 Iowa, page 506 of 102 N.W., said:

"It is true that the jury were fully instructed that it was the duty of plaintiff to act as an ordinarily prudent person would act under the circumstances; but, in view of the apparent reliance placed by plaintiff on the defective condition of her eyes, and the wearing of colored glasses, as an excuse for not observing the obstruction in the walk, we think defendants were entitled to an instruction such as that asked—* * *. Without such an instruction, the jury were quite likely to be misled as to the legal effect of the facts proven."

In the case at bar we do not have such a situation, defendant does not claim an excuse for decedent not seeing plaintiff beside the automobile. The jury was fully instructed on the duties of both plaintiff and defendant and under the circumstances presented it was not error to refuse the amplification requested.—Affirmed.

All JUSTICES concur except PETERSON, J., who takes no part.