## SCHOHMER & LEISER v. LYNCH AND CLEMENS.

1. PRACTICE. The Supreme Court will not consider errors assigned which were not passed upon by the court below; nor errors founded upon extrinsic facts which do not appear of record.

2. JUDGMENT UPON A REPORT OF REFEREES.  When a cause is referred by order of the District Court, the court does not thereby lose control of it, and a judgment may be entered upon the report of the referees, or the report may be set aside, in whole or in part, though the order of submission is silent as to the action that shall be taken thereon.

*Appeal from Dubuque District Court.*

MONDAY, APRIL 15.

THE plaintiffs in their petition claim of defendants five hundred and sixty-one dollars as the balance due on a contract for doing the carpenter's work on a church at Holy Cross.   The defendants pleaded various defenses, and after an issue was made up, the cause was referred to Timothy Sullivan and Jas. A. Chapline, who awarded the plaintiffs $350 on their claim; which award was returned into court, and defendants moved to set it aside :

1. Because the award was not returned into court by the referees, but placed in the hands of plaintiff before being returned into court, &c.

2. Because in the submission the court had no power to enter judgment on the same.

3. The referees refused on application to permit defendants to amend their answer.

4. The award was against the weight of evidence.

This motion was overruled, judgment entered upon the award, and defendants appeal.

*Wilson, Utley & Doud* and *Mulkern* for the appellants.

This was but an award at common law upon which the court had no power to render judgment.   The submission of a case pending to arbitrators operates as a discontinuance of the cause.   *Larkins* v. *Robbins*, 2 Wend. 506; 18 John. 22; 6 Cow. 399; 1 Wend. 314, 17 Mass 391; 12 Wend. 504; *Miller et al* v. *Vaughn*, 1 John. 314.

*Gottschalk* for the appellees.

Lowe, C. J.—Several matters are assigned for error in this case which were not raised and passed upon by the court below, and of course they will receive no attention from us. 5 Iowa 196; 4 Ib. 292; 2 Ib. 30, 44.

The four reasons given for setting aside the award were acted upon by the court and overruled, and this ruling of the court is assigned for error.

Three of these causes are founded upon extrinsic facts which do not appear of record, and therefore we have no means of judging whether the court decided correctly or not. The other relates to the power of the court to enter a judgment upon the award of the referees without an express stipulation to that effect in the submission. The judgment entry in this case, as well as the affidavit of one of the referees, shows that this was a reference by order of the court, with the consent of the attorneys for the parties. In a case of this kind the pleadings constitute the submission, and an agreement between the parties that the award should be made a rule of court is unnecessary. The court does not lose its control of the parties, referees or the award. When the award is returned into court, a judgment may be rendered upon the same, or the court, upon a sufficient showing, may set it aside in whole or in part, or make a new reference. The referees when appointed stood in the place of the court as it respects the particular question or questions submitted to them. Sections 1794, 2115 of the Code of 1851.

Affirmed.