## JEWELL v. REDDINGTON.

1. **Appeal:** WAIVER OF. Under the facts in this case, it was held that appellant had not waived his right to appeal.

2. **Conveyance:** SETTING ASIDE. A conveyance made upon the consideration of support of parents will be set aside when the evidence shows an abandonment by all the parties of the contract of support.

3. ——: FINDINGS OF REFEREE: EVIDENCE. The findings of the referee as to notice to mortgagee considered; *held,* supported by the evidence.

4. **Practice in Supreme Court.** This court will not interfere with the discretion of the trial court, in refusing to recommit the case to the referee to take testimony omitted by inadvertence.

*Appeal from Benton Circuit Court.*

MONDAY, OCTOBER 24.

THE defendant, John Reddington, was the owner of a farm of about eighty-seven acres, upon which he with his wife re-sided as their homestead. They were far advanced in age. Their children were grown up and married. Their youngest daughter, Delilah, married Samuel Geiger. On the 27th day of December, 1871, they conveyed their farm by deed of general warranty to their said daughter. On the same day and as part of the same transaction, and as the consideration for said conveyance, the said daughter and her husband entered into a written obligation to keep and maintain the father and mother in a certain specified manner. They also executed to the said Reddington a lease of said farm to continue during the lives of the parents. By the agreement Samuel Geiger and Delilah were to erect a small dwelling-house on the farm near the house then situated thereon for the use of the old people, and both families were thus to reside on the land. The house was erected and the parties undertook to carry out their contract. After a time there arose disagreements and bickerings between them, and in the spring of 1877 Geiger and his wife removed from

the farm permanently and went to another place to reside. After their removal and on the 19th day of January, 1878, the said Delilah executed and delivered a mortgage to the plaintiff upon the farm to secure the payment of $300 in six months, with interest thereon at ten per cent. Some time after the execution of the mortgage Delilah Geiger died.

This controversy commenced by the plaintiff filing a petition to foreclose the mortgage. He made Samuel Geiger, and the minor children of Delilah Geiger and John Reddington and his wife Sarah Reddington, and certain other parties, defendants. John and Sarah Reddington filed a cross-bill in which they sought to set aside and annul the conveyance from them to Delilah Geiger, on account of failure of the consideration, and alleging that the plaintiff had notice of such failure before the execution of the mortgage. Issue having been joined between the parties last named the cause was referred to Hon. Geo. R. Struble for trial. He recommended to the court that the conveyance should be set aside, and that the plaintiff had notice of its invalidity before he took his mortgage; that he was not entitled to a foreclosure, but that inasmuch as the Geigers had partly performed the contract by keeping the father and mother for several years, he treated the mortgage as an assignment of their claim; and stated an account between them and the father and mother, and found $177 to be due them, and recommended that the defendants be required to pay that sum to the plaintiff, and that the same should be made a lien upon the farm. He further recommended that each party should pay one-half of the costs. A decree was entered in accord with the report of the referee. The plaintiff appeals.

*James E. Jewell, pro se.*

*Nichols & Burnham, for appellees.*

ROTHROCK, J.—I. A question is made by appellees as to

the right of appellant to prosecute the appeal. It appears that after the decree was entered the appellees paid to the clerk of the court the amount which was awarded against them, including costs. An attorney who was engaged in assisting the plaintiff in the trial of the cause, and had filed a lien for fees, received from the clerk a part of the money so paid. As soon as this was known by plaintiff he repudiated the transaction, and paid to the clerk the amount so withdrawn. Under these facts it is apparent that plaintiff has not waived his appeal.

*1. APPEAL: waiver of.*

II. Appellant insists that the conveyance should not have been set aside; that the most appellees can claim is a life-lease or tenancy of the land. The evidence as to where the fault existed, leading to the disagreements between the father and mother and their daughter and son-in-law, is, as usual in such cases, very conflicting. The referee found in substance that each of the contending parties was glad to separate from the other and that the removal of Geiger and wife was intended by all the parties as an abandonment of the whole undertaking, and a relinquishment by them of the contract, including the conveyance of the land. We are not disposed under the evidence to disturb this finding.

*2. CONVEY-ANCE: setting aside.*

III. The referee found that the plaintiff had actual notice of the rights of the defendants in the farm before he took his mortgage. This fact we think is supported by the evidence. In a pleading filed in the case by the plaintiff he admitted that before he took his mortgage he went to said lands to make an examination thereof and found John and Sarah Reddington in possession, claiming under a life-lease. There are other facts in the case which lead us to doubt the validity of the mortgage. It seems that there were two deeds missing from the chain of title, as shown by the record, and that plaintiff took his mortgage with a knowledge of this fact. The transaction was therefore not a straight loan upon a perfect title of record.

*3. ———: referee: evidence.*

IV.   It is urged that the statement of the account between the parties is grossly inaccurate.   Appellant claims that a fair accounting according to the evidence shows a balance against appellees of $1,299, instead of $177.   In the account the referee made allowance to the Geigers for permanent improvements on the land.   For repairs nothing was allowed.   This, we think, is correct.   It is claimed that the rent and use of the farm was overestimated by the referee.   We have examined the evidence on this question, and all the other matters entering into the account, and without going over the same in detail we conclude that the summing up by the referee is as nearly correct as we can make it, and we are content to adopt it as our own.

V.   Appellant claims that he redeemed the land from a tax sale and that he should be allowed the amount paid therefor 4. PRACTICE in addition to what was allowed by the referee.   In
in supreme
court.          the original petition for foreclosure a claim is made for taxes paid in redemption of the land.   It is claimed that there was no denial of such claim by appellees.   An examination of the pleadings leaves the question in some doubt, but we incline to think there was a general denial of the claim. The doubt arises from the fact that in the admissions and denials the counts of the petition are not specifically named.   In the trial before the referee no evidence whatever was introduced by anyone upon the right of plaintiff to have taxes refunded.   After the report of the referee was filed the plaintiff fi ed a motion to recommit the case to the referee for the purpose of taking testimony upon this claim.   The motion was put upon the ground that the plaintiff by inadvertence omitted to introduce such testimony. The motion was overruled.   Whether or not the plaintiff would be entitled under the peculiar facts in this case to be reimbursed for taxes paid we need not determine.   There is much in the case leading us to the belief that he ought to have kept himself out of this controversy. Be that as it may, we are not disposed to interfere with the

discretion of the court in refusing to again refer the case. There had been a full trial. The plaintiff did not seek to amend his pleadings. He asked a re-trial upon part of the claim made by him, and the only ground therefor was his own neglect to present the evidence which he had at hand. If new trials and rehearings are to be allowed for such causes, parties will never know when litigation is at an end.

AFFIRMED.