William F. Murphy v. D. H. McCarthy, Administrator, Appellant.

**Claims Against Decedent: PAYMENT:** *Burden of proof.* The provision of Code, section 3340, that the burden of proving that a claim is unpaid shall not be placed on the party filing a claim against the estate, applies to a claim for board of decedent, so that it is necessary to prove only the contract therefor to establish a *prima facie* case, but where the purpose of plaintiff in an action against testatrix's estate, on a claim, in introducing her will made just before her death is not apparent, except that plaintiff's counsel in argument refers to a direction therein that all just debts of testatrix be paid, the declaration therein "I owe no debts to anyone," is sufficient to require plaintiff to prove that his claim was not paid.

**Testimony: OBJECTIONS.** Motion to strike out answer of witnesses to a question as to what the board furnished by plaintiff would be worth a week, made on the ground that she had not shown herself competent to testify, is properly overruled, as the objection should have been made before the answer, the incompetency being as apparent then as after the answer.

**SAME.** Answer of witness as to what it was worth to keep decedent, "I would not keep her for less than five dollars a week," is subject to motion to strike out as irresponsive.

**RULING.** Objection to evidence will be regarded as waived, in the absence of ruling thereon.

*Appeal from Dubuque District Court.*—HON. J. L. HUSTED, Judge.

FRIDAY, APRIL 7, 1899.

PROCEEDING in probate for the allowance of a claim against the estate of decedent. There was a trial by the court without a jury, and an order allowing the claim. The defendant appeals.—*Reversed.*

*Longueville, McCarthy & Kenline* for appellant.

*Lyon & Lyon* for appellee.

ROBINSON, C. J.—The plaintiff seeks to recover of the estate of Margaret Powers, deceased, the sum of four hundred

and eighty four dollars for board and washing furnished the decedent during a period of one hundred and twenty-one weeks, and the claim was allowed to the amount of four hundred and eighty dollars.

I.   Mrs. Newman testified as a witness, and was asked, in regard to what the decedent was furnished by the plaintiff, "what it would be worth a week," and answered: "About $4.50, and very reasonable at that." The defendant moved that the answer be stricken out on the ground that the witness had not shown herself competent to testify, but the motion was overruled. We think the ruling was correct. The objection, if well founded, should have been made before the question was answered, for the reason that the alleged failure to show the competency of the witness was as apparent before as after the question was answered. *State v. Marshall,* 105 Iowa, 38; *Blackmore v. Fairbanks, Morse & Co.,* 79 Iowa, 282.

II.   The wife of the plaintiff testified as a witness, and was asked if she knew what board for such a woman as the decedent, and taking care of her, feeding her, and doing her washing and mending were worth. An objection to the question having been made, the court asked, "Do you know what board and the care of an old person was worth at that time in your neighborhood?" and answered, "Not less than $4, if not more, for to take care of one that would be like her." The defendant moved to strike out the answer as "incompetent, no proper foundation having been laid," and the court said, "I want you to exclude her from your mind;" and the witness, having asked and received permission to answer again, said that they were worth four dollars per week. The defendant moved that the answer be stricken out because "incompetent, immaterial, no proper foundation having been laid, and not based upon any testimony in the case." The court did not rule upon the motion to strike the answer to its first question, and objections were not made to the last question, but to the answers after they were given. No

objection to the answers on the ground that they were not responsive was made, and the only ground of the last motion to strike, which would have been well taken in any event, was that the competency of the witness to testify as to the value of the board had not been shown; but that objection should have been made before the answers assailed were given.

III.   Mrs. Mulqueeney testified in regard to the value of what was furnished the decedent by the plaintiff, and gave several answers which were not responsive to questions asked, but motions by the defendant to strike such answers were disregarded by the court. She was finally asked what it was worth to keep the decedent, and answered: "I would not keep her for less than $5 a week." A motion to strike the answer because not responsive, irrelevant, and immaterial was overruled. It was clearly well founded, and should have been sustained.

IV.   The will of the decedent was admitted in evidence, notwithstanding an objection of the defendant that it was immaterial. That it was material to establish the claim of the plaintiff may well be doubted, but it does not appear that there was any ruling upon the objection; hence it must be regarded as waived. *Langhammer v. City of Manchester,* 99 Iowa, 295; *Nagle v. Fulmer,* 98 Iowa, 585; *Payne v. Dicus,* 88 Iowa, 423.

V.   The appellant insists that the plaintiff has not shown that the decedent was indebted to him. It was formerly the rule in this state that the burden was on the claimant of any estate to show, not merely that a contract which required the payment of money had been entered into and performed, but also that there was an amount due on account of it. *Stevens v. Witter,* 88 Iowa, 636. That rule was changed by chapter 75 of the Acts of the Twenty-sixth General Assembly, now included in section 3340 of the Code, which provides as follows: "The burden of proving that a claim is unpaid shall not be placed upon the party filing a claim against the estate; but the executor or administrator may, on the trial of

said cause, subject the claimant to an examination on the question of payment, but the estate shall not be concluded or bound thereby." That provision governs this case.

The plaintiff proved, in the first instance, what was required under the statute to entitle him to recover. It is shown that the decedent was possessed of property more than sufficient to pay the claim of the plaintiff when she resided with him, and that she left his house nearly three years before her death. It does not appear that any demand for payment was made of her while she resided with the defendant, nor afterwards. But it was not necessary for the plaintiff to show attempts to collect the alleged debt, in order to show a *prima facie* right to recover, and the defendant did not examine him under the statute, on the question of payment, nor offer any evidence of payment. It is urged that, since the plaintiff introduced the will, he is bound by its declaration that the decedent did not owe debts to any one at the time it was executed. It is certainly true that, if a particular part of the will had been introduced as an admission against the interest of the testatrix, the defendant would have been entitled to have considered all parts of the will which tended to explain the part relied upon by the plaintiff. *Rouse v. Whited,* 25 N. Y. 170; *Insurance Co. v. Newton,* 22 Wall. 32; Bradner Evidence, 118. The purpose of the plaintiff in offering the will is not apparent. He refers in argument to a direction in the will that all just debts of the testatrix be paid, but that did not in any manner recognize the validity of the claim of the plaintiff. On the contrary, the paragraph of the will which contained that direction also contained the following: "I owe no debts to any one." The plaintiff did not introduce a part of the will merely, but all of it, without limitation as to its effect. By so doing he gave to it, as an entirety, the character of evidence in the form of the written admission or declaraion of the decedent. He should not now be heard to say that only a part of the statements are credible, and that he is not bound by those against

his own interests. Had the testatrix been present and testified that she did not owe the plaintiff when the will was executed, her testimony would have been competent, and, since the plaintiff introduced her written declaration as competent, he should not be heard to deny that it is true. It is fair to him to say that he does not claim that the will should not be treated as competent evidence against him as well as for him. Since it states that the testatrix did not owe any one, it is evidence that she did not owe the plaintiff anything on the claim in controversy, for the reason that the will was made but a few weeks before the death of the testatrix, and years after the claim of the plaintiff had accrued. It was sufficient to require the plaintiff to prove that his claim was unpaid. That he did not do, or even attempt; hence the district court erred in allowing the claim, and its order of allowance is REVERSED.