PHILLIPS & ROBINSON, Appellants, v. S. W. HAZEN.

Commissions:   DIRECTED VERDICT.   In an action by a real estate broker to recover commissions, the evidence is considered and held to require a submission to the jury of the question whether defendant's father was authorized  by him to employ plaintiffs to find a purchaser for his land.

*Appeal from Palo Alto District Court.*—HON. W. B. QUARTON, Judge.

FRIDAY, JANUARY 29, 1904.

ACTION to recover commission alleged to have been earned in finding a purchaser for the defendant's land. When plaintiff rested, the jury was directed to return a verdict for the defendant.   From judgment entered thereon, the plaintiff appeals.—*Reversed.*

*E. A. Morling* for appellant.

*Geo. E. Clark* and *B. E. Kelley* for appellee.

LADD, J.—The plaintiff firm is composed of J. N. Phillips and J. S. Robinson, and, according to the evidence, found a purchaser to whom defendant sold and conveyed his land.   The evidence was such as to justify a finding that they had been employed by defendant's father, C. L. Hazen, and the serious question is whether this was authorized by the defendant.   Robinson testified: That he had a conversation with defendant shortly before the latter left for Colorado in the spring of 1900 in which defendant said, in substance, that if he found a place to suit him he though his

farm would be for sale, and, to a request for the agency to sell, replied: "If I do sell, I will write to father, and he will have the handling of it, and you can see him. Of course, he will have to be consulted in the matter, as he has an interest in it, and you can talk to him about it at any time"; that "he would leave with him the selling of the farm"; that "he would write to his father what he concluded to do, and then he said he would leave it with him"; that "his father would make arrangements in regard to the sale of the place if they concluded to sell"; that "whatever his father did would be all right, and I could see him;" that, to the question, "I would like to get your farm for sale," he answered: "All right; if I find a location that suits me, it will be for sale, and I will write father, and you can make arrangements with him, and whatever he does will be all right, because we are interested in the place together." The evidence tended to show that defendant's father advised Phillips that he had heard from his son, that the place was for sale, and that if he found a purchaser the commission would be $1 per acre. Phillips also testified that when advised of this arrangement with C. L. Hazen the defendant answered that his father claimed that he sold the place himself, and that Phillips had nothing to do with it, but did not deny his father's authority to employ agents. We have set out the evidence somewhat in detail, as this is the most satisfactory way of indicating that the question at issue was for the jury's determination. Certainly, a finding that defendant authorized Robinson to deal with and rely upon whatever C. L. Hazen did would have been sustained by this evidence. True, the latter was to be advised by defendant of his conclusion with respect to a sale, but this was a matter between them. According to the evidence, both were interested in the land, and Robinson was directed to see the father to ascertain what they might conclude upon. In other words, the evidence is not inconsistent with a finding that he was referred to C. L. Hazen both to ascertain whether the place would be for sale and to arrange for its sale. That it

might also have been found that only in event of the father being advised of his determination to sell were arrangements for the sale with him authorized emphasizes, rather than weakens, the proposition that the issue ought to have been submitted to the jury.—REVERSED.