PHILLIPS & ROBINSON, Appellees, v. S. W. HAZEN, Appellant.

**Admission of evidence:** HARMLESS ERROR. Although a witness had
1 no recollection of the subject interrogated about independent of a transcript of his evidence on a former trial, his statement that his testimony on the former trial was correct according to his recollection at that time, is held to have been without prejudice.

**Evidence:** WAIVER OF OBJECTION. Objection to a ruling on the admission of testimony which is not insisted upon will be deemed to have been waived.

**Second appeal:** REVIEW OF EVIDENCE. Where the appellate court has once passed upon the sufficiency of the evidence it will not review the same evidence again submitted on a retrial.

**Evidence:** DOCUMENTS: FAILURE TO AFFIX REVENUE STAMPS, The admissibility in evidence of an instrument required by the revenue law to be stamped is not affected by the absence of the stamp.

*Appeal from Palo Alto District Court.— Hon. A. D. Bailie, Judge.*

Saturday, December 15, 1906.

Action to recover on a real estate commission contract. From a verdict and judgment in favor of plaintiffs, the defendant appeals.— *Affirmed.*

*Geo. E. Clarke,* for appellant.

*E. A. Morling,* for appellees.

Bishop, J.— This is the second appeal in this case. For the opinion on former submission, see 122 Iowa, 475.

The plaintiff firm is engaged in the real estate business, and it is the contention made in the petition that defendant placed in their hands for sale a farm owned by him situated in Palo Alto county, and consisting of one hundred and sixty acres; that the compensation agreed upon for their services in case they found a purchaser was the sum of $1 per acre. It is alleged that a purchaser was found by them in the person of one Schneider, with whom defendant contracted a sale. The defendant in answer denied any employment of plaintiffs, and denied that his sale to Schneider was brought about by or through plaintiffs.

I. At the time the contract with Schneider was drawn up, the defendant was absent from the State; his father acting for him in the premises. A blank form for contract was used, and one Martin acted as scrivener.

1. Admission of evidence: harmless error.

Martin, being called as a witness by plaintiffs, was asked who furnished the blank used, and he answered that he did not remember. He was then shown a transcript of his evidence taken upon a former trial of the case, following which he answered, in response to a question by defendant's counsel, that he had no recollection on the subject independent of the transcript. He was then permitted

to testify over the objection of defendant that his statement made as a witness on the former trial as to the person who furnished the blank was correct according to his recollection at the time of such trial. Later on, plaintiffs offered the transcript in evidence, to which defendant objected for various reasons. According to the abstract, as amended by appellee, the objection was not ruled upon, and so much of the transcript as related to the matter in hand was read in evidence. It is a contention for error that the examination of the witness was improper, and the transcript incompetent. We may concede that the examination of the witness was improper, but his testimony amounted to no more than a declaration on his part that on the former trial he had testified to the truth according to the best of his recollection. From that alone no prejudice could have arisen.

As no ruling on the objection to the transcript was insisted upon, there was no error in permitting the same to be read; the objection must be regarded as waived. *Murphy* 2. EVIDENCE: *v. McCarthy,* 108 Iowa, 38. Moreover, there
waiver of
objection. was other testimony competent in character, addressed to the same subject-matter, and which remained in the record uncontradicted. We conclude there was no error.

II. One of the members of the plaintiff firm was permitted to testify to his conversation with C. L. Hazen, father of defendant, and this over the objection of defendant that 3. SECOND no authority on the part of the father to
APPEAL:
review of act in the premises was shown. The evidence
evidence. was to all intents and purposes the same as at the previous trial, and, in our opinion on the former submission, we held that there was sufficient evidence to take the question of authority to the jury. We need not go over the subject again.

III. During the course of the trial plaintiffs offered in evidence the contract of sale executed between defendant and Schneider. This was objected to for that no revenue

stamp was attached thereto as required by a revenue law of

**4. EVIDENCE: documents: failure to affix revenue stamp.** Congress then in force. The objection was overruled, and we think properly so. Conceding that the instrument was one required by the law of Congress to be stamped, the admissibility was not impaired by the absence of a stamp. This we have repeatedly held. *Bottorff v. Lewis,* 121 Iowa, 27; *State v. Glucose Co.,* 117 Iowa, 524.

IV. It is said that the verdict and judgment were not warranted by the evidence. Our reading satisfies us to the contrary. It follows that the judgment must be, and it is, *affirmed.*