## STATE v. HORN.

On an information based on Rev. Pen. Code, § 285, charging accused with shooting at a person named therein with a firearm with the intent to kill him, he may properly be convicted of the lessor offense of shooting, without iustifiable or excusable cause, at another with a firearm with intent to injure him.

A verdict finding "the defendant guilty of shooting, without justifiable or excusable cause, at another with a firearm with intent to injure him," is sufficient as to form to convict of the offense defined by Rev. Pen. Code, § 314, as follows: "Every person who * * * without

justifiable or excusable cause * * * shoots or attempts to shoot at another with any kind firearm, * * * with intent to injure any person," etc.

Where the accused was charged with an offense including the lesser offense of common assault, the failure of the court to charge on the right of the jury to convict of the lessor offense cannot be complained of, where no instruction with reference thereto was requested.

In a prosecution for shooting at a person with intent to kill him, evidence of threats made against the accused by the injured party, offered before the nature of the defense had been shown, or any testimony offered to show that self-defense was relied on as a defense, or that the act complained of was in resistance of an assault, is properly rejected.

(Opinion filed, April 2, 1907.)

Error to Circuit Court, Clark County. Hon. GEORGE H. MARQUIS, Judge.

Charles Horn was convicted of shooting without justifiable or excusable cause, at another with intent to injure him, and brings error. Affirmed.

*Wilbur S. Glass, Wm. McGann,* and *R. A. Dunham,* for plaintiff in error. *Philo Hall, Atty. Gen., Aubrey Lawrence, Asst. Atty. Gen.,* and *Logan Berry, State's Atty.,* for the State.

FULLER, P. J. By an information based on section 285 of the Revised Penal Code, plaintiff in error was charged with the crime of shooting at a person named therein with a firearm with the intent to kill him, and at the trial the jury returned the following verdict: "We, the jury, find the defendant guilty of shooting without justifiable or excusable cause, at another with a firearm with intent to injure him."

In support of the claim that the conviction must be reversed, it is urged by counsel for the accused that this verdict, if not fatally indefinite and in legal effect, an acquittal, operates to convict the accused of an offense not charged in the information, and that in any event it was the duty of the trial court to submit to the jury the question of an attempt to commit the crime charged, which includes a simple assult of which a verdict of guilty might have been returned. Though the crime charged in the information is not distinguished into statutory degrees, it clearly embraces lesser offenses

of a similar character including that of which the accused was convicted, and the verdict returned is sufficient as to form, because it contains all the essential elements of the offense as defined by section 314 of the Revised Penal Code, as follows: "Every person who, with intent to do bodily harm, and without justifiable or excusable cause, commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm, or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the state prison not exceeding five years, or by imprisonment in a county jail not exceeding one year." As no one is likely to be misled nor the accused prejudiced by the terms of the verdict, which substantially conform to the above-quoted statutory provision, there is no merit in the contention of counsel that the same is meaningless and without effect. State v. Leuhrsman, 99 N. W. 140, 122 Iowa, 476. In State v. Hubbard (S. D.) 104 N. W. 1120, it was held error by a majority of this court to refuse to charge as to both degrees of manslaughter, which are clearly defined and included in the crime of murder, for which Hubbard was being tried under a statute providing that: "Whenever a crime is distinguished into degrees, the jury, if they convict the defendant, must find the degrees of the crime of which he is guilty." Section 408, Code Cr. Proc. After the judge presiding at the trial of Hubbard had defined "murder" and instructed the jury in respect thereto, as well as to the offense of manslaughter in the first degree, he refused to define "manslaughter in the second degree" or give an instruction with reference thereto properly prepared and timely requested by counsel for the accused, and for that reason the conviction was reversed.

While in this case a simple assault is necessarily included in the offense with which the accused was charged, and the jury might have returned a verdict therefor, no instruction with reference thereto was requested, and so the error complained of is not available. There seems abundant authority to the effect that the failure to charge on the right of the jury to convict of a lesser offense is not reversible error, unless such instruction is sub-

mitted to the court, with the request that it be given, and the following cases are in point: Reynolds v. State, 147 Ind. 3, 46 N. E. 31; State v. White, 7 Idaho, 150, 61 Pac. 517; State v. Hanlon, 62 Vt. 334, 19 Atl. 773. Even the refusal to give a requested instruction covering a less flagrant offense included in an information charging an assault with a dangerous weapon was recently sustained on appeal to this court, in a case where there was no evidence upon which to base such an instruction. State v. Kapelino, 108 N. W. 335.

After the state had rested its case, but before any intimation of the nature of the defense had been given or any testimony offered tending to show that the prosecuting witness and the accused were engaged in an altercation at the time charged in the information, an offer was made to show threats against the accused made by the prosecuting witness long prior to the date laid in the information. While remoteness of time may go rather to the weight than to the competency of threats, they are never admissible, whether communicated or not, unless self-defense is relied upon and even then not until there are facts and circumstances before the jury tending to show that the act complained of was in resistance to an assault. In the case of State v. Alexander, 66 Mo. 148, the court said: "Upon a trial for murder, evidence of threats made by deceased against defendant is not admissible to justify the killing but is admissible as conducing to show that an assault was first made by deceased upon defendant, when there is other evidence tending to prove such assault. When there is none such, evidence of threats is not admissible for any purpose." Without a claim of self-defense being offered, and in the absence of anything to show an attempt to execute purported threats, or an ability to do so, the offer was very properly denied under an elementary rule governing the order of proof. Assuming that the testimony thereafter admitted on the part of the defense is sufficient to show that the prosecuting witness was in some way the aggressor, and that the accused acted in reasonable apprehension of bodily injury, it was his duty to repeat the offer of proof as to threats, and, failing in that particular, the ruling of the trial court is unassailable.

From the uncorroborated testimony of the defendant it appears that, after hearing an uncomplimentary remark concerning himself made by the complaining witness, who was passing along the street and had entered a livery barn in that vicinity a short time prior to the alleged shooting, he armed himself with a loaded revolver, and went to a nearby drug store for the ostensible purpose of taking steps to have the complainant arrested. Concerning the facts and circumstances connected with the offense which was committed at that place, he testified as follows: "I turned around to leave the house, and as I turned around the stove I saw something, some one, there. I looked, and saw it was Conkle. I stepped back, and reached up and drew this revolver. He ran around the stove. As he ran around the stove he made to run back toward me, and he slipped and fell into the show case. I fired the gun off about the time he straightened up out of the show case, because I was afraid of him." From the case of Payne v. State, 60 Ala. 80, we quote as follows: "In case of homicide, where no question of self-defense arises—as where the prisoner, having had a quarrel with the deceased, rode off several miles, and procured a gun and followed the deceased from place to place, and attacked him when they met, and shot and killed him, the deceased having no weapon in his possession—threats made by the deceased against him two weeks previously, and communicated to him, are not competent evidence for the prisoner." So in the case of Kendrick v. State, 55 Miss. 436, it is said: "In the trial of a person indicted for murder, it is proper for the court to refuse instructions to the jury in reference to threats made by the deceased against the life of the accused, and communicated to him before the homicide, where there is nothing in the conduct of the deceased, at the time of the killing, to excite in the accused any apprehension of a design on the part of the deceased to put his threats into execution. And proof of the threats, in such a case, is unimportanat and immaterial." The following cases are to the same effect: Garner v. State, 9 South. 835, 28 Fla. 113; State v. Harris, 59 Mo. 550; Pritchett v. State, 22 Ala. 39; State v. Elliott, 45 Iowa, 486. As the revolver was drawn before any hostile demonstration was made by the complainant, he cer-

tainly was not the aggressor, and it might be considered doubtful if a sufficient foundation was laid for the introduction of testimony relating to threats, even had such testimony been offered at the proper time, but that question is not before us, and is therefore not decided.

Finding no reversible error in the record as presented, the judgment of the trial court is affirmed.