UNA HENDERSON v. STANDARD FIRE INSURANCE COMPANY OF IOWA, Appellant.

**Insurance:** FAILURE TO PRODUCE BOOKS AND INVENTORIES: WAIVER. An insurance company may by its conduct waive the provision of its policy requiring the insured to keep a set of books showing a record of purchases and sales of merchandise, and to produce the same with an inventory of the stock in case of loss: As where

the insured's books and inventory had been kept but were de-
stroyed by the fire and could not be produced, and the adjuster
for the company with knowledge of that fact requested the in-
sured to secure duplicate invoices so far as possible and to in-
voice the remaining stock; and a statement of the adjuster that
one of plaintiff's policies was void because of additional insurance
did not defeat the waiver of the requirement to keep accounts
and inventories.

**Same:** WAIVER. The provision of a fire policy that the company shall
not be held to have waived any condition by any act or require-
ment on its part, relating to a determination of the extent of the
loss or its liability, does not mean that a waiver may be based on
a requirement that the company had no right to make; but even
if this were not true a non-waiver clause may be waived the same
as any other provision.

**Pleading:** INCONSISTENT DEFENSES. Inconsistent defenses may be
pleaded in a reply: As where an insured in a suit on the policy,
after pleading that defendant had waived the requirement of the
policy as to production of books and inventories, might also
plead the company's denial of liability and plaintiff's reliance
thereon.

**Additional insurance:** FORFEITURE: WAIVER. The provision of a fire
policy forbidding additional insurance was waived, where the com-
pany's agent procured for the insured another policy in another
company, for which he was also agent.

**Same.** Where defendant's agent, knowing all facts and conditions
as to the insurance on plaintiff's property, secured a permit to
remove the insured's stock of goods in one building to another
building in which she also had insured stock, there was a waiver
as to the additional insurance provision of the policy.

*Appeal from Davis District Court.*—HON. C. W.
VERMILLION, Judge.

SATURDAY, JUNE 5, 1909.

REHEARING DENIED FRIDAY, SEPTEMBER 24, 1909.

SUIT to recover on two fire insurance policies. Ver-
dict and judgment for the plaintiff. The defendant ap-
peals.—*Affirmed.*

*Payne & Goodson* and *William C. Howell,* for appellant.

*Taylor & Ramseyer,* for appellee.

SHERWIN, J.—In May, 1906, the appellant insured the plaintiff's stock of millinery goods and fixtures, located in Bloomfield, Iowa, for the sum of $500, and in October of the same year it issued to the plaintiff another policy of $200 upon a stock of millinery goods in Moulton, Iowa. In November, 1906, the Moulton stock was transferred to the Bloomfield store, where the fire in question occurred in January, 1907. This suit is to recover on both policies.

The defense is based upon the grounds that there was other insurance upon the same stock unauthorized by the defendant, and a failure of the plaintiff to keep and

1. INSURANCE: failure to produce books and inventories: waiver.

produce sets of books and inventories of the stocks as provided by the terms of the policies. A reply pleaded a waiver of the requirement to produce the books and inventories and consent to the other insurance. Both policies contained an agreement, in substance, that the assured should keep a set of books showing a complete record of all purchases and sales, and in case of loss should produce such books, together with an itemized inventory of the stock in trade taken within one year preceding the loss, and it was agreed that a failure in either respect should render the policy void, and that no action should be maintained thereon. There was evidence tending to show that books were kept as required by the policies, but that they were wholly destroyed by the fire. There was also evidence tending to show that inventories had been taken within the time required, and that they were also destroyed by the fire. It was therefore at all times conceded that the plaintiff could not produce the books and inventories as required by the policies; but soon after the loss the appellant's president went to Bloomfield

for the purpose of adjusting the same, and he was then told by the plaintiff that she had kept the books and made the inventories as required, and that they had been burned and therefore could not be produced. Notwithstanding the information thus received, the adjuster requested the plaintiff to call in assistance and inventory the remaining stock, and secure duplicates of the invoices, as far as possible, of all goods bought, and the plaintiff did so, relying, she says, upon the adjuster's request. We think such action upon the part of Mr. Overton, the adjuster, constituted a waiver of the requirement of the policies as to the books and inventories. *Rundell & Hough v. Insurance Co.*, 128 Iowa, 575, and cases cited therein.

The policies provided that they should be void, and that suits could not be maintained thereon if there was a failure in respect to the books and inventories, and both parties must be held to have known of such conditions; and when Mr. Overton directed or requested the plaintiff to make a new inventory from such data as she might be able to secure, and to incur expense in so doing, it was an affirmative act on the part of the defendant which would justify the plaintiff in believing that strict performance of that condition of the policies would not be insisted upon. *Lake v. Farmers' Ins. Co.*, 110 Iowa, 473.

It is true that Mr. Overton, in one of the two conversations had with the plaintiff on the same day made the statement that the $500 policy, was void because of the additional insurance, but that provision of the policy might also be waived, and such statement cannot be relied upon to defeat the waiver as to the other condition.

The contention of the appellant that in making an inventory of the remaining stock, and in securing duplicates of the original bills and invoices, the plaintiff was doing no more than she was required to do in making proof of loss by the terms of the policy, is not sound. If liability had been denied because of her inability to produce the

books and inventories or to make and keep them, she could have saved the expense of acting on the request of the defendant. In other words, if no recovery could be had on the policies because of the loss of the books and inventories, proofs of loss were unnecessary, and in complying with the defendant's request she was not simply complying with the terms of the policy. *Rundell & Hough v. Insurance Co., supra.*

The first policy provided further that the company shall not be held to have waived any provision or condition of the policy by any act or requirement upon its part relating to the determination of the extent of the loss or liability of the company, and the provision is relied upon to defeat the waiver claimed by the plaintiff. This provision evidently means that no waiver shall be predicated upon any action that the company may rightfully take for the purpose of ascertaining its liability or the extent thereof. It does not mean that a waiver may not be based upon a requirement that it has no right to make or insist upon; but, if such be not the case, a nonwaiver clause is no more sacred than any other condition and may be waived by the company. *Corson v. Insurance Co.,* 113 Iowa, 641; *Lake v. Insurance Co., supra; Ruthven v. Insurance Co.,* 92 Iowa, 316.

2. SAME: waiver.

In her reply the plaintiff pleaded, as an additional reason why the appellant could not insist upon the production of the books and inventories, that it had denied liability, and that she had relied thereon. Inconsistent defenses may be pleaded in the answer or reply, and the pleading amounted to nothing more. Code, section 3620.

3. PLEADING: inconsistent defenses.

The facts about the additional insurance are as follows: Prior to May, 1906, the plaintiff had carried $1,000 insurance on her stock in the Bloomfield store. This insurance was procured for her by her nephew, Herbert King, who was an

4. ADDITIONAL INSURANCE: forfeiture: waiver.

insurance agent and a soliciting agent for the appellant. Shortly before the expiration of this insurance, Mr. King called the plaintiff's attention to the fact that her insurance would soon expire, and told her that he would like to write it for her.    To this she consented, telling him that she wanted $1,000 insurance.    He placed $500 in the defendant company and $500 in the Pennsylvania Fire Insurance Company, for which company he was also agent, and delivered both policies to her at the same time, although the Pennsylvania policy was dated two days after the appellant's.    This transaction constituted a waiver of the condition as to other insurance under the rule announced in the recent case of *Wensel v. Insurance Co.,* 129 Iowa, 295.

The $200 policy taken out on the Moulton stock in October, 1906, was also procured by King, who was at that time the agent of the appellant, and he procured from the appellant a permit to remove said stock to the Bloomfield store.    The rule of the *Wensel* case applies also to this policy, for appellant's agent knew all of the existing conditions as to the plaintiff's insurance; but, if such were not the case, the evidence shows that the Moulton stock was kept separated and apart from the Bloomfield stock, and hence no additional insurance was placed on either of the stocks.

5. SAME.

It is said that a new trial should have been granted because the plaintiff swore upon the trial that she had never made an assignment of her claim for loss, while there was a showing that she had at one time made a different statement.    There is nothing in the point.    Her testimony on the point is positive, and there is nothing to show that she had made an assignment thereof, but an affidavit which states that she claimed to have done so.

Some question is raised as to the sufficiency of the plea of waiver, but we think the criticism not sustained by the record.

The verdict is fully supported by the evidence, and the judgment should be, and it is, *affirmed*.