Hattie A. Poitevin, Appellee, v. Frank Binnall, et al., Appellants.

**Reference of causes:** FILING OF PLEADINGS BEFORE REFEREE. A referee to whom a cause has been referred for trial by the court has the same power under the statutes to permit the filing of original as well as amended pleadings, even though the effect of the pleading is to present new issues which were not before the court at the time of the submission.

**Same:** DISCRETION. Where a reply was filed before a referee after the proper time, upon grounds which were contested but found sufficient, the discretion exercised in permitting the filing of the same can not be disturbed on appeal.

**Same:** RESUBMISSION OF CAUSE. The court has power to order a reference for trial of an action to quiet title, either with or without consent of the parties, and to set the reference aside and resubmit the case.

*Appeal from Crawford District Court.*—Hon. Z. A. Church, Judge.

Tuesday, April 5, 1910.

This is an action brought by the plaintiff to quiet title to certain real estate. The defendant filed an answer and crossbill setting up title in himself. There was a decree for the plaintiff, and defendant Frank Binnall appeals.—*Affirmed.*

*B. I. Salinger,* for appellant.

*Conner & Lally,* for appellee.

EVANS, J.—Plaintiff and defendant are sister and brother. The premises in controversy were duly conveyed to the plaintiff by warranty deed executed by her father. The defendant set up an alleged previous contract between him and his father purporting to have been executed April 24, 1882, whereby the father agreed to convey the land in question "in and for the consideration of labor," and "if the party of the second part shall remain at home and upon said property so long as the party of the first part shall live." This claim on the part of the defendant was first set up on March 29, 1905, in a substituted answer and cross-petition filed on such date, his original answer having been filed in November preceding. On the same day an order of reference was made by consent of parties to one Wheeler as referee. At that time no reply had been filed to the substituted answer and cross-petition. The case came on for hearing before the referee on April 25th. On that day the plaintiff filed a reply to the substituted answer and cross-petition, and observed the formality of having it properly marked and entered as filed by the clerk of the court and by the referee. The defendant moved to strike it, and objected to its consideration by the referee, and insisted that the case be heard upon the issues as made by the pleadings prior to such filing. He contended that such pleading was not an "amendment," and that therefore the referee had no power to permit the same to be filed, nor any right to regard the same as filed. Defendant's objections in this regard were all overruled, and the referee proceeded with the hearing of evidence. After the evidence was heard, the plaintiff undertook to fortify her position by obtaining an order of the judge in vacation, which order was first issued and afterwards revoked, and which we do not deem material for our present consideration. At the September term, while the reference was still pending, the

trial court went through the formality of ordering the reference set aside and granting permission to the plaintiff to file her reply, and entered a *nunc pro tunc* order that it should be filed as of March 29, 1905. Under direction of the court, the clerk marked such pleading as having been filed on such date, and noted proper entries to that effect; all of which was done over the objection of the defendant. The court thereupon resubmitted the case to the referee, directing that the same be reopened and that the referee receive such additional evidence as the defendant might desire to offer, and fixed October 7th following, as a date for further hearing of the case. The referee requalified, and some further proceedings were had before the referee which are not material for our present consideration. On October 24th, the referee filed his report. Exceptions were duly filed by the defendant, all of which were later overruled by the court, and the findings of the referee were approved and a decree was entered for the plaintiff granting her the relief prayed. The defendant challenges here the procedure which was adopted before the referee and in the court below, all of which was duly objected to by him at every stage thereof.

We direct our first inquiry, therefore, to the question whether the plaintiff's reply was properly filed on April 25, 1905, and whether the referee had power to permit it and to consider the issues made by it. Section 3738 of the Code provides that "the referee shall stand in the place of the court and shall have the same power so far as necessary to discharge his duty."

I. REFERENCE OF CAUSES: filing of pleadings before referee.

Section 3739 provides that the trial by the referee shall be conducted in "the same manner as the trial by the court." This section also provides that the referee shall have the "same power . . . to allow amendments to pleadings." Section 3748 provides that the "form of procedure which in the court itself regulates service, pleading,

proof, trial and the preparation, progress and method of each of these, shall obtain before the referee." It is manifest that the emphasis of the sections is that for the time being, so far as the particular case is concerned, the referee shall stand in the place of the court and shall have the same power so far as necessary to discharge his duty. This is the express language of section 3738. It is urged by the defendant, however, that the power conferred by section 3739 is the power to allow amendments to pleadings, and not to allow the filing of an original pleading. We do not deem the point well taken. Section 3739 must be construed together with section 3738. We do not think that section 3739 was intended to abridge section 3738 in any respect. It will not be questioned but that a trial court would have had power to permit the filing of plaintiff's reply at such stage in the trial. We think that the referee had the "same power" by express provision of these sections.

It is argued that this new pleading presented new issues which had not been submitted to the referee by the order of reference, and that he was therefore without power to try them. This objection of defendant could as well be directed against an amendment to a pleading which may and usually does present new issues. New issues pending trial are not forbidden by the statute, although orderly procedure requires that, as far as possible, issues be made before reference is had. The discretion of the trial court, however, is always broad enough to deal with the particular facts of each case. And we are not now dealing with the question whether the discretion was properly exercised. We are united in the opinion that the referee had power under the statute to permit the filing of plaintiff's reply on April 25th. In *Johnson v. Berdo,* 131 Iowa, 524, it was held that in order to file a pleading before the referee it was necessary that the formal statutory entries should be made by the clerk. This formality was complied with here.

The same was also presented to the referee and its filing noted by him. Whether a formal filing by the referee in addition to the filing of the clerk was necessary, we do not need to determine. Such formality was in fact complied with.

We are also agreed that there was no abuse of discretion shown on the part of the referee or of the court proper in permitting the filing of such reply. A showing 2. Same: of excuse for the delay was made by the discretion. plaintiff by affidavit of her counsel. The matters stated in such affidavit were denied by counter affidavits. As to the comparative weight of the showing and counter showing, we will not review the action of the district court. Our conclusions at this point settle the right of the plaintiff to have the issues made by her reply duly considered as proper issues in the case. We can have no occasion, therefore, to consider the propriety of the various orders and counter orders made by the trial court with a view to comply with all necessary formalities to protect the plaintiff in such right. However erroneous such orders may have been, they were clearly nonprejudicial.

The court never having lost its jurisdiction of the case, it had power to order the reference either with or without the consent of the parties, and it had power to set the 3. Same: reference aside and to resubmit again. In resubmission the final resubmission, the rights of the deof cause. fendant were fully protected by opening up the case to further evidence on his part. The net result of the procedure, however irregular, was a hearing of the case upon its merits.

This question being disposed of, it leaves little for our consideration but questions of fact. The case was orally argued before the full bench, and we have gone through the printed record with care, and are united in the conclusion that the clear weight of the evidence is with the plaintiff on every essential fact in dispute. Inasmuch

as this conclusion is in harmony with the finding of the trial court, it will serve no useful purpose that we enter into a detailed discussion of such testimony.

The decree of the trial court was right and it is *affirmed*.