T. T. LEE, Appellee, v. FARMERS MUTUAL HAIL INSURANCE ASSOCIATION OF IOWA, Appellant.

No. 41162.

[black redacted bars]

MARCH 15, 1932.

REHEARING DENIED JUNE 24, 1932.

[black redacted bars]

Hal W. Byers and Lee, Steinberg & Walsh, for appellant.

E. S. Tesdell and Addison & Smedal, for appellee.

STEVENS, J.—The loss for which recovery is sought occurred in July, 1928, the result of two hail storms. The crops covered by the policy consisted of 80 acres of oats and 120 acres of corn. The case comes to us for review upon numerous propositions involving certain paragraphs of the court's charge to the jury and numerous rulings of the court during the progress of the trial. Propositions I, II, and VI do not in form or substance present error.

I. No proofs of loss were filed by appellee. He relies upon waiver. It appears from the testimony that appellant's adjusters visited the premises of appellee, examined the crops very shortly after the damages were inflicted, denied liability, and made offers of settlement. This was sufficient to constitute waiver and this issue was properly submitted to the jury. Sinclair & Co. v. Surety Co., 132 Iowa 549; Cottrell v. Insurance Co., 145 Iowa 651; Stephenson v. Bankers Life Assn., 108 Iowa 637; Elliott v. Hail Assn., 160 Iowa 105; Teasdale v. Insurance Co., 163 Iowa 596; Henderson v. Insurance Co., 143 Iowa 572; Condon v. Des Moines Mut. Hail Assn., 120 Iowa 80.

II. The further point is made by appellant that the record contains no plea of waiver. It must be confessed that

the allegations of the petition relied upon to excuse the furnishing of proofs of loss do not comply strictly with the essentials of a plea of waiver. The ultimate facts relied upon to constitute waiver are quite fully set out in the petition, but the pleader failed to state the conclusion that, because of the acts and conduct of appellant thus alleged, the furnishing of proofs of loss was waived. The pleading was not assailed by appellant by a motion to strike, and the testimony relied upon by appellee to establish waiver was admitted without objection. The same ultimate facts were pleaded by way of reply. The court interpreted the allegations of the petition as constituting a plea of waiver. The exceptions to the instructions submitting this issue relate rather to the alleged absence of evidence to sustain the plea than to the failure of the petition to plead same. The exceptions to the instructions do challenge the sufficiency of the evidence to show the authority of the adjusters to waive proofs of loss. No specific exceptions to the instruction are, however, pointed out by appellant. Furthermore, there is no reference in the propositions relied upon for reversal to either of the two paragraphs of the court's charge upon the subject of waiver. The pleading was understood by all parties, and testimony was introduced by appellant upon the point.

III. Claim is made that the action was prematurely brought. Section 8986 of the Code of 1931 provides that no action upon a policy of insurance on personal property shall be commenced within forty days after notice and proofs of loss have been given. This action was commenced more than eleven months after the loss. Appellant having waived proofs of loss, the claim that the action was prematurely brought is without merit.

IV. Error of the court in the admission of testimony of certain propositions of settlement claimed to have been made by the adjusters is also urged as one of the grounds for reversal. This testimony was admitted without objection, and therefore the assignment is also without merit. The same is true as to the next proposition assigned by appellant. The complaint there made is that the court erred in admitting testimony of the market value of the oat crop. No objection was made to the admission of this testimony.

V. Propositions IX, X, XI, and XII are so obviously without merit that they require only passing notice.

■ At the conclusion of plaintiff's testimony, the defendant moved for a directed verdict. The court upon showing permitted the case to be reopened and further testimony introduced by appellee. This was permitted the second time. The matter rested largely in the discretion of the court, and there is nothing in the record from which the possibility of prejudice may be inferred.

■ VI. A plat of appellee's premises, known in the record as Exhibit B, was admitted in evidence over the objection of appellant. Lines drawn on the plat indicate the several tracts upon which corn and oats were growing at the time the hail storms occurred. There is also on the plat a notation of the estimated number of bushels lost on each separately designated tract. The objections urged to the admissibility of the plat were that it was incompetent, immaterial and irrelevant and a self-serving declaration. The court in ruling said:

"I will overrule and admit this evidence but I will instruct the jury that they must use it for the purpose of aiding them in a perfect understanding of the testimony he has given and they are to be governed by what he says and not by what the plat states. That is simply used for the purpose of aiding the jury in the understanding of the evidence."

■ The court failed to give the promised instruction, but the foregoing observation was made in the presence of the jury. No exceptions whatever were taken to the failure of the court to give the promised cautionary instruction, nor was the matter raised in the motion for a new trial. Appellant did not again call the court's attention to the matter, and seeks to predicate error upon the omission to instruct, and is in this court without an exception. We have repeatedly held that unless attention is again called to the reserved ruling of the court on objection to testimony the objection will be deemed waived. Murphy v. McCarthy, 108 Iowa 38; Langhammer v. City of Manchester, 99 Iowa 295; Gould v. Morrow, 153 Iowa 461. Likewise, a failure to preserve an exception precludes review. State v. Johnson, 210 Iowa 167; Weyer v. Vollbrecht, 208 Iowa 914.

A plat of the premises indicating the location of the several

tracts or fields of grain was clearly admissible in evidence. The court might well have had the objectionable memoranda erased. It was not, however, necessarily error to admit the plat in the condition in which it was offered. The testimony of appellee as to the damages did not harmonize fully with the data on the plat. The argument of counsel proceeds on the theory that the omission to instruct may be reviewed in this court with no other exception than such as was taken to the admission of the plat. It is doubtful whether, under all the facts and circumstances shown in the record, the plat could in any event have been prejudicial.

 VII. After explaining to the jury the provision of the policy as to the measure of damages, the court gave an assumed illustration of the rule, and, in closing the instruction, said:

"In giving the above illustration the jury must assume that the court is indicating his opinion as to the amount of oats destroyed, as to any of plaintiff's crop, but you should determine this question entirely by the evidence, and the above computation is given for the sole purpose of illustration only, and you are not to consider the same for any other purpose."

The word "not" was omitted from the second line between the word "is" and the word "indicating," thus making the instruction express the direct opposite of the meaning intended. This instruction related only to oats. This limitation was clearly stated in the instruction.

The court in the preceding instruction clearly informed the jury that the measure of damages as to loss of corn was different from the measure for the loss of the oats crop, and clearly and definitely stated the correct measure of damages as to corn. It seems to us that the error, which was clerical, but which might possibly have misled the jury, was fully cured by the remittitur, and that appellant suffered no prejudice on account thereof.

The court in ruling upon the motion for a new trial gave appellee the option of remitting all damages that could have been found by the jury to the oats crop or submit to a new trial. The jury could not, upon the record, have allowed more than $140.00 for damages to the oats. This sum was required to be and was remitted.

What we have said covers all of the propositions relied upon

for reversal, some of which were given scant consideration in argument. It follows that the judgment below must be and it is—Affirmed.

WAGNER, C. J., and MORLING, KINDIG, and EVANS, JJ., concur.

ALBERT and GRIMM, JJ., dissent.