B. C. Spooner, Appellee, v. Earl C. Spooner, Appellant.

No. 46345.

November 16, 1943.

H. J. Ferguson and M. W. Hyland, both of Tama, for appellant.

R. R. R. Dvorak, of Tama, and V. F. Kepford, of Toledo, for appellee.

Smith, J.—██ The action was commenced in 1935 and has pursued its unhurried course to this hour. I' comes to us

now with no issue of fact involved on the appeal but only legal questions of procedure and exercise of judicial discretion.

The case, originally at law but by agreement transferred to equity, involved many mutual accounts and obligations. Their nature need not be described here except to say that a part of plaintiff's account is for goods sold and delivered. By consent the court referred the cause and instructed the referee, "upon conclusion of the hearing * * * that he report his findings and conclusions of law to the Court as provided by law."

The hearing was thereafter held and on August 30, 1939, defendant filed motion to dismiss because plaintiff "has failed and neglected to prove the reasonable value of the items set forth in Exhibit 'A' attached to her Petition and as pleaded in her Petition." The abstract does not make clear whether this motion was filed with the referee or in the clerk's office; or, if the latter, whether it ever reached the referee. His report was filed the next day, August 31st, and made no reference to the motion. It set out the referee's conclusions of law and findings of fact and "rendered" judgment in favor of plaintiff.

Before any action by the court on the report or on the motion to dismiss, the plaintiff, on September 23, 1939, filed application for permission to give further testimony "as to the fair, and reasonable value of the goods, wares, and merchandise sold to Defendant," alleging "that said testimony was not given heretofore because of oversight which oversight is evident." With this application plaintiff also filed a "proffer of testimony" to prove by certain named witnesses that the prices shown in the various accounts were the fair and reasonable market value of the goods referred to.

The court overruled defendant's motion to dismiss, granted plaintiff's application for permission to offer further testimony, set aside "that part of Referee's report * * * purporting to render judgment," and remanded the case to the same referee with instructions to reopen the hearing, receive further testimony, and to amend his report accordingly. To this defendant excepted.

Before any further hearing was held before the referee the

parties stipulated that the witnesses would testify as predicted and that the referee "shall consider the testimony together with this stipulation and file his amendment to his former report in accordance with the order of Court." The same day the referee filed his second report, stating that his original findings of fact and conclusions of law were unchanged and reaffirming the former report and "recommending" judgment accordingly.

Thereafter the defendant filed objections to the report urging that the matter had been referred "for determination and decision as provided by law," that the referee refused and neglected to rule on defendant's motion to dismiss, and that the referee's first and second reports should be set aside and the referee directed to rule on said motion to dismiss and to "proceed to the final determination of said hearing." The court overruled defendant's objections and directed that judgment be entered for plaintiff and it was entered accordingly. Defendant has appealed.

Appellant's principal complaint is over the referee's failure to rule on the first motion to dismiss and the action of the court in assuming to make that ruling and in reopening and remanding the case for further testimony. It is not clear whether he concedes that the referee could properly, in *his* discretion, have reopened the hearing and permitted appellee to make the proof that had been omitted by oversight; in other words, leaving out of account the question of *who* made the decision, it is not clear whether appellant claims there was error in the *substance* of the decision itself. In order to bring about a final determination of this long controversy we shall decide both questions.

I. Was the action of the court, in passing on appellant's motion to dismiss and in reopening the case, without jurisdiction? Appellant argues that there had been a reference "for determination and decision" and the court had no authority, either by statute or under the common law, "to arbitrarily assume jurisdiction of any proceeding before the referee."

We attach no controlling significance to the quoted language of the order of reference. It did say: "for determination and decision as provided by law"; but it also said: "and upon conclusion of the hearing by Referee that he report his findings and conclusions of law to the Court as provided by law."

The language of appointment could delegate to the referee no absolute judicial power, the exercise of which would be beyond the control and review of the court. The statute does not contemplate complete abdication and delegation by the presiding judge of all the judicial power of the court. The referee does not become the court but merely an officer of the court. 53 C. J. 740, section 146, citing, among other cases, Scholmer & Leiser v. Lynch, 11 Iowa 461. See, also, Hobart v. Hobart, 45 Iowa 501. The statute provides:

"The referee shall stand in the place of the court, and shall have the same power, *so far as necessary to discharge his duty.*" (Italics ours.) Section 11524, Code of Iowa, 1939.

But it also provides (section 11526), "* * * the report may be excepted to and reviewed in like manner."

It cannot be doubted that a referee has power to pass on a motion to dismiss, filed after the evidence before him is closed and before he reports back to the court. Nor would he be without power to pass, in a proper case, on a similarly filed application to reopen the hearing to permit a party to supply proof inadvertently omitted. But in either case his action would not conclude the court. It would be subject to review just as any action of the referee is subject to review by the court under said section 11526, except (in law actions at least) findings of fact based on sufficient evidence. Wilgus v. Gettings, 21 Iowa 177; section 11527, Code of Iowa, 1939. The statute provides (section 11526) that the facts found and the conclusions of law "shall stand as the finding of the court, and judgment *may* be entered thereon." But until the court acts, the report of the referee is without effect.

The power of the court in acting on a referee's report is not appellate. Edwards v. Cottrell, 43 Iowa 194; Hodgin v. Toler, 70 Iowa 21, 30 N. W. 1, 59 Am. Rep. 435. When and if the court approves the report and orders judgment thereon—then, and not till then—the decision is that of the court. The conclusions we have stated are in accord with the practice in Iowa, as they are, we believe, with the practice elsewhere. 53 C. J. 757, section 184; 45 Am. Jur. 573, section 43. In an early case

we said, with reference to the status of a case that has been referred:

"The court does not lose its control of the parties, referees or the award. When the award is returned into court, a judgment may be rendered upon the same, or the court, upon a sufficient showing, may set it aside in whole or in part, or make a new reference." Schohmer & Leiser v. Lynch, 11 Iowa 461, 463.

The statute then did not differ in substance from our present law. Revision of 1860, section 3095.

Under our decisions it is well settled that the court, upon a proper showing, has the right to set aside the referee's report and remand the matter for further evidence. Kossuth County State Bank v. Richardson, 141 Iowa 738, 743, 118 N. W. 906; Aldrich v. Rowell, Iowa, 166 N. W. 89; Poitevin v. Binnall, 148 Iowa 249, 125 N. W. 653. In fact, we have so held, where the case was asked to be reopened to enable a party to offer testimony omitted by inadvertence. Jewell v. Reddington, 57 Iowa 92, 10 N. W. 306.

In view of the considerations we have stated, we cannot see any error in the action of the court in assuming to act on appellant's motion to dismiss and appellee's application to reopen the case. If the referee had the right to act in the premises, whatever he did would have been subject to review. There could therefore be no error in direct action by the court. See, as bearing on this conclusion, Kossuth County State Bank v. Richardson, 141 Iowa 738, 118 N. W. 906, and authorities therein cited and reviewed.

██ II. Was the decision, overruling appellant's motion to dismiss and reopening the case on appellee's application, erroneous? We think not.

The books are full of cases, some where the case has been reopened and some where the application has been denied. In all of them the question is held to be one of sound legal discretion. Sawin v. Union Bldg. & Sav. Assn., 95 Iowa 477, 483, 64 N. W. 401; Hill v. City of Glenwood, 124 Iowa 479, 100 N. W. 522; Lee v. Farmers Mutual Hail Ins. Assn., 214 Iowa 932, 241 N. W. 403.

38

Many more cases could be cited and many quotations made, all to the effect that on appeal the case will not be reversed, whichever way the trial court decides, except in case of plain *abuse* of discretion. The rule has been applied, by analogy, to cases of reference (Aldrich v. Rowell, supra) and to permit correction of an evident oversight. McCormick v. Holbrook, 22 Iowa 487, 92 Am. Dec. 400.

It can hardly be claimed that there was any abuse of discretion here. The parties promptly stipulated the proposed testimony, and appellant, though also given permission to offer additional evidence, made no effort to refute it. The action of the court was to permit correction of a manifest oversight and ascertain the truth. It was in the interest of the due administration of justice and was not erroneous.

It is unnecessary to consider other matters argued in support of the trial court's decision. The case should be and is hereby affirmed.—Affirmed.

All Justices concur.